MRS. CAROLYN A. LASSITER, WIDOW, WINFRED CECELIA LASSITER, WILLIAM CECIL LASSITER, III, AND ENO FRANK LASSITER, CHILDREN BY THEIR GUARDIAN AD LITEM, MRS. CAROLYN A. LASSITER: OF W. C. LASSITER, JR., DECEASED EMPLOYEE, PLAINTIFFS v. TOWN OF CHAPEL HILL, EMPLOYER

— AND —

NATIONWIDE MUTUAL INSURANCE CO., CARRIER, DEFENDANTS

No. 7215IC440

(Filed 28 June 1972)

1. **Master and Servant § 57— workmen's compensation — intoxication of employee — cause of death — findings**

   In a proceeding to recover workmen's compensation benefits for the death of a municipal employee whose body was crushed by the packing mechanism of a sanitation truck, there was sufficient evidence to support a finding by the Industrial Commission that decedent's death was not occasioned by intoxication even though decedent had sufficient alcohol in his blood at the time of his death to be intoxicated, where claimant presented evidence tending to show that decedent had drunk no alcoholic beverage on the morning of his accident, that he had no odor of alcohol about him and that his appearance and actions on the morning of his death were normal.

2. **Master and Servant § 57— workmen's compensation — intoxication of employee**

   G.S. 97-12 does not require the Industrial Commission to determine whether or not an employee was intoxicated as a matter of law, and does not provide for the forfeiture of benefits if an employee was intoxicated at the time of his injury, but only if the injury was occasioned by the intoxication.

APPEAL by defendants from an award by the Industrial Commission filed 6 December 1971.

Commissioner Forrest H. Shuford II, after hearing, made findings of fact and conclusions of law and awarded compensation to plaintiffs. The Commissioner found that W. C. Lassiter, Jr., deceased, was an employee of the defendant Town of Chapel Hill and was injured on 29 December 1969 by accident arising out of and in the course of his employment which resulted in his death and that such injury was not occasioned by the intoxication of deceased. Upon appeal, the Full Commission overruled defendants' exceptions to the findings of fact and affirmed the award of compensation. Defendants Town of Chapel Hill, employer, and Nationwide Mutual Insurance Co., carrier, appealed to the Court of Appeals.

*Everett, Everett & Creech, by Robinson O. Everett and James B. Craven III, for claimant-appellees.*

*I. Weisner Farmer for defendant-appellants.*

BROCK, Judge.

[1] The appellants contend that the Hearing Commissioner committed error in making certain findings of fact and conclusions of law which appellants maintain were not supported by competent evidence. The thrust of defendants' argument is that at the hearing they denied liability for compensation on the grounds that deceased employee was intoxicated at the time of the accident which came within the provisions of exemptions and forfeiture in G.S. 97-12. Therefore, they argue that their plea raised the issue of intoxication which required the Commissioner to find as a fact and conclude as a matter of law whether deceased employee was intoxicated at the time of injury; that their tendered evidence established the employee's intoxication at the time of his injury and death; and that the Commissioner's finding, "even though deceased had sufficient alcohol in his blood at the time of his death to be intoxicated, the death of deceased was not occasioned by intoxication," was error. For the above reasons, defendants urge that the case be returned to the Commission for proper findings of fact and the entry of a judgment denying the right to compensation. We do not agree.

The facts of the case in part are as follows: On 29 December 1969, William C. Lassiter, Jr., an employee of the Town of Chapel Hill, was fatally injured while working with a trash

collection crew near 405 Landerwood Drive, Chapel Hill, North Carolina. His body was crushed by the packing mechanism of the Sanitation Department truck.

At the hearing, defendants presented evidence through the testimony of two expert witnesses, a pathologist and a toxicologist, that a blood sample had been taken from the deceased employee soon after his death. According to an analysis performed under the supervision of one of these witnesses, a blood alcohol content of .27 per cent was determined.

The claimants' evidence was contrary to the defendants' contention that Lassiter was intoxicated at the time of the accident or that his death was occasioned by intoxication. The deceased's mother, Mrs. Mayola Lassiter, testified that she had seen him at 5:00 a.m. on the day of his death and that she observed no odor of alcohol, nor did he drink any alcohol at that time. Zeb Evans, Jr., a co-worker, who was with deceased or near him from early morning until the time the accident occurred, testified that he did not observe anything unusual about deceased's actions or appearance and that he did not see Lassiter drink anything or notice any intoxication on Lassiter's part. Other people who had had contact with Lassiter during the morning of the accident testified that they had noticed nothing unusual about Lassiter, who appeared to be acting normal. Even after the accident, when Russell Edwards, the driver of the sanitation truck, and Zeb Evans gave artificial respiration to the deceased employee, neither of them either smelled or tasted any alcohol.

With respect to the circumstances of the accident itself, appellees' evidence tended to show that Lassiter was not a regular crew member on the sanitation truck; that Zeb Evans dumped his barrel first and got off the truck; and that Lassiter stepped up to dump his barrel when the accident occurred. The truck driver saw that the men were clear and started the packing machinery; he looked in the truck's mirror and saw Lassiter caught in the packing mechanism of the trash-collecting truck.

As mentioned above, the paramount issue which defendants raise on this appeal is whether there was sufficient evidence to sustain the Commissioner's finding that the deceased's death was not occasioned by intoxication. We are of the opinion and so decide that there was ample competent evidence for the Com-

missioner to find as a fact and conclude that the death of William C. Lassiter, Jr., was not occasioned by intoxication, even though deceased had sufficient alcohol in his blood at the time of his death to be intoxicated.

[2] By the questions raised in appellants' brief, it appears that they also contend that the Commissioner committed error in failing to find that the injuries resulting in the death of William C. Lassiter, Jr., were occasioned by his intoxication or that he was or was not intoxicated as a matter of law at the time of the accident. G.S. 97-12 states in part, "No compensation shall be payable if the injury or death was occasioned by the intoxication of the employee. . . ." G.S. 97-12 also states that the burden of proof shall be upon him who claims an exemption or forfeiture under this section. Clearly, G.S. 97-12 does not require the Commissioner to find whether the employee was intoxicated or not as a matter of law. This statute does not provide for forfeiture of benefits if an employee was intoxicated at the time of the injury, but only if the injury or death "was occasioned by the intoxication." The Commissioner made the required finding for compensation in finding No. 10, which as stated above was supported by ample competent evidence. There was no need to make any further finding by the Commission.

Although there was contradictory evidence, the Commissioner found that the injuries and death of Lassiter "was not occasioned by intoxication." The principle was succinctly stated by Chief Judge Mallard in *Yates v. Hajoca Corp.*, 1 N.C. App. 553, 162 S.E. 2d 119, as follows: "By making an award in this case, the Commission has found that the defendants failed to carry the burden of proof that the plaintiff's injury was caused by his intoxication, and we are bound by such finding."

The other exceptions brought forth by the defendants to the findings and conclusions are without merit, because each of these findings was supported by competent evidence.

Affirmed.

Judges MORRIS and HEDRICK concur.