DON'S PLUMBING COMPANY, INC. v. UNION SUPPLY COMPANY OF DURHAM, INC., AND DAVID McDONALD

No. 7114SC349

(Filed 14 July 1971)

1. Trial § 33— instruction not supported by the evidence

An instruction which assumed, in the absence of supporting evidence, that a named person was acting as an agent of the corporate defendant when he approved the burning of debris on the company's property, *held* erroneous.

2. Trial § 35— instruction on the greater weight of the evidence

An instruction that the greater weight of the evidence is "such evidence as when compared with that opposed to it has more convincing force" was erroneous in a case in which the defendant offered no evidence, since the jury could have inferred that the plaintiff's introduction of some evidence constituted the greater weight of the evidence.

APPEAL by defendant Union Supply Company of Durham, Inc., from *Godwin, Judge,* 16 November 1970 Civil Session of Superior Court held in DURHAM County.

Plaintiff instituted this action seeking to recover of the defendants for damages to its property as a result of a fire. Plaintiff alleged that David McDonald (McDonald) undertook to demolish a building on the lot of Union Supply Company of Durham, Inc. (Supply Company); that McDonald intentionally and negligently started a fire thereon and negligently permitted it to escape, damaging plaintiff's property on adjoining premises leased by plaintiff and used by it for storage; and that the negligence of McDonald was imputed to Supply Company. Supply Company answered and denied the material allegations of the complaint. McDonald did not answer. The parties stipulated as to the contents of the record on appeal. In the "Statement of Case on Appeal" appears the following: "(T)he Court upon motion of plaintiff entered a directed verdict against the defendant McDonald upon the issue of his negligence prior to submission of the case to the jury."

McDonald testified as a witness for plaintiff that he contracted with a Mr. Ira Handsel to take down an old house on Supply Company's lot for $300 and that while he was working on the house, he got a water hose from Handsel or from somebody. He further testified:

"As to whether I ever had an occasion to see Mr. Handsel while I was taking the building down and accumulating these piles, yes. I would have discussions with him when I wanted something or wanted to see him. The tools that I had, a truck, a crowbar, a sledge hammer, were all mine. As to whether I had anything that I got from anybody else, I don't know, sir, I don't remember. I might have, but I knew I got a water hose from somebody.

I did not ask Mr. Handsel to help me tear the house down.

On the 7th day of April, 1967, I discussed the starting of this fire with Mr. Handsel. * * * Well, we—when I talked to him, I asked him would it be all right to burn any of this stuff on the outside, inside the fence, and he told me, yes, it would.

So, I went then and got me some water hose. As to where I got it, if I'm not mistaken, I think I got one from him and then I went and borrowed some more. By him, I mean Mr. Handsel. I took the water hose and I run the line up to the pile of trash where I was going to burn from the front of his place, where he had his outside spigot. It was a garden hose. I think we had a nozzle on it.

I did not go to Don's Plumbing Company and tell them that I was about to start the fire and to my knowledge neither did Mr. Handsel or any other employee of Union Supply Company. At the time I started the fire the only equipment I had there to control the fire was a water hose."

On cross-examination, McDonald testified:

"The agreement had been that I would not only take the house down but I had to get rid of it. I could have it if I wanted it and if I didn't want it I had to take the stuff away and dispose of it."

It was stipulated that there was sufficient evidence on the question of damages to "support the jury's verdict on that issue."

At the conclusion of the evidence (the defendants offered none), the following occurred:

"At the close of all evidence the defendant Union Supply Company renewed its motion to the court for a

directed verdict in its favor and nonsuit and dismissal of plaintiff's case for failure of proof of negligence. Motion overruled; Exception.

THIS IS APPELLANT'S EXCEPTION NO. 5.

The defendant did not present any evidence in the case.

Plaintiff moved for summary judgment in its favor as to the negligence of the individual defendant, David McDonald, which motion was allowed by the court."

The court submitted two issues to the jury, one as to the negligence of Supply Company and the other as to the amount of damages. The jury, by its verdict, found that Supply Company was actionably negligent and that plaintiff had sustained ten thousand dollars damages. After the verdict Supply Company moved, among other things, to set aside the answer to the negligence issue and for judgment notwithstanding the verdict. The motions were overruled and upon the entry of the judgment upon the verdict, Supply Company appealed.

*Bryant, Lipton, Bryant & Battle by James B. Maxwell for plaintiff appellee.*

*Cockman, Alvis & Aldridge by Jerry S. Alvis for defendant appellant.*

MALLARD, Chief Judge.

The movants did not state the rule number under which they were proceeding in any of the motions. See Rule 6 of the "General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure," as adopted by the Supreme Court with effective date of 1 July 1970. In one place in the record it is stated that a directed verdict was entered on the negligence issue against McDonald while in another place it is stated that summary judgment was allowed in favor of plaintiff as to the negligence of McDonald. All of this indicates the necessity for the rule requiring the movants to state the number of the rule under which the motion is made.

[1] Supply Company contends that the trial judge committed error in charging the jury concerning the evidence of the plaintiff as follows:

"That he (McDonald) went to the corporate defendants and inquired of the corporate—I say corporate defendants—went to the corporate defendant and inquired of it, if it would be all right to burn that pile of debris; and that the corporate defendant agreed that the pile of debris might be burned."

Although there is an inference that Mr. Ira Handsel was an employee of Supply Company, there is no admission and no evidence that Mr. Handsel was authorized and acted as agent for Supply Company when he told McDonald that it would "be all right to burn any of this stuff on the outside, inside the fence." Neither is there any direct evidence that the "I. S. Handsel" who verified the defendant's answer as Vice President is the same person that McDonald referred to as "Mr. Ira Handsel." It was error for the trial judge to draw the conclusion that Mr. Ira Handsel was the agent of the corporate defendant and emphasize it by implying in the above-quoted portion of the charge that what McDonald said to Mr. Handsel was said to the "corporate defendant."

[2] Defendant Supply Company also contends that the trial judge committed prejudicial error in charging the jury on the greater weight of the evidence, as follows:

"The term, greater weight of the evidence, does not refer to the volume of testimony you have heard. It does not refer to the number of witnesses that you have heard. The term, greater weight of the evidence, refers to the quality or convincing force of the evidence.

The greater weight of the evidence *is such evidence as when compared with that opposed to it* has more convincing force." (Emphasis added.)

In some civil cases the intensity of proof is by evidence that is clear, strong and convincing. See Stansbury, N. C. Evidence 2d, § 213. However, the intensity of proof in the ordinary civil action (which is applicable here) is by the greater weight or preponderance of the evidence or to the satisfaction of the jury. "A jury is not justified in finding any fact unless the evidence is sufficient to satisfy their minds of its truth, or, what is equivalent and practically the same thing, creates in their minds a belief that the fact alleged is true." *Perry v. Insurance*

*Co.,* 137 N.C. 402, 49 S.E. 889 (1905). In Stansbury, N. C. Evidence 2d, § 212, p. 545, there appears the following:

> "If there is *some* evidence in the plaintiff's favor and none in the defendant's favor, surely the former has the greater weight; still it is settled that in this situation it is for the jury to say which party shall win. There would seem to be great merit in the suggestion that what is meant by the formula is that the jury should be satisfied of the *greater probability* of the proposition advanced by the party having the burden of persuasion—*i.e.,* that it is more probably true than not."

The error in the instruction complained of appears in the last sentence. In this case there was no conflicting evidence or no *evidence* "opposed to" the evidence offered by the plaintiff; therefore, the jury could, under this instruction, have inferred that when "some evidence" was introduced, such constituted the greater weight of the evidence. We think that this was prejudicial error.

Defendant Supply Company has other assignments of error to the charge and to the admission of evidence which we do not deem necessary to discuss.

The defendant Supply Company is entitled to a new trial.

New trial.

Judges CAMPBELL and HEDRICK concur.