Finley v. Finley

KERRY JO FINLEY v. RONALD S. FINLEY

No. 7215DC191

(Filed 23 August 1972)

1. Appeal and Error § 41— record on appeal — filing dates of documents
    Appeal is subject to dismissal where the filing dates of the pertinent pleadings, motions, orders and other documents are not shown in the record on appeal. Court of Appeals Rules 19(a) and 48.

2. Rules of Civil Procedure § 7— motions — failure to state rule number
    Motion in arrest of judgment should have been denied where the movant failed to state the rule number or numbers under which he was proceeding. Rule 6 of the General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure.

APPEAL by defendant from McLelland, District Judge, 4 November 1971 Session of District Court held in ALAMANCE County.

Plaintiff in her verified complaint sought to recover of the defendant alimony and support for and custody of the minor child of the parties. Summons was issued herein on 18 December 1969 and was returned unserved on 19 January 1970. Alias and pluries summons were issued on 10 February 1970 and returned on 14 February 1970 with the following "memo": "After due and diligent search Ronald S. Finley is not to be found in Alamance County." On 25 February 1970 an affidavit of W. R. Dalton, Jr., attorney for the plaintiff, was filed wherein service of process by publication was sought. In this affidavit it was asserted that:

"1. That the State has general jurisdiction of the subject matter of the action for that the plaintiff has a good cause of action against the defendant in that he owes her alimony, their child support, she is entitled to an order so providing, and is entitled to have such alimony and support a lien against real property of the defendant in this county.

2. That grounds for personal jurisdiction as provided by G.S. 1-75.4 exist in that the defendant is domiciled in this State and is a resident thereof.

3. That grounds for in rem or quasi in rem jurisdiction exist as provided by G.S. 1-75.8 in that a subject of the

action is real property within this State and the defendant has an interest therein.

4. That grounds for jurisdiction exist as provided by G.S. 98.1 (sic) in that the court has jurisdiction over real property of the defendant and the defendant has departed from this State or keeps himself concealed therein in order to avoid service of process.

5. That service of process by publication is authorized by Rules of Civil Procedure, Rule 4(j) (9) and/or Rule 4(k) in that defendant's address, post office address, whereabouts, dwelling house, and usual place of abode is unknown and cannot with due and reasonable diligence be ascertained. That the Sheriff has returned process not to be found in Alamance County. That the defendant has admitted by telephone that he is avoiding service of process.

6. That the defendant, Ronald S. Finley, is no minor."

Bearing date of 25 February 1970, an order for service of process by publication was entered. A notice of service of process was published for four successive weeks in a newspaper published in Alamance County, and an affidavit to that effect was dated and filed (according to an addendum to the record) on 9 April 1970. The defendant did not appear and did not file answer to the complaint and the cause was calendared for hearing and heard on 9 April 1970. A judgment was entered against the defendant in favor of the plaintiff.

An instrument designated "Special Appearance Making Motion to Arrest Judgment" appears beginning on page 14 of the reproduced record in this case. This instrument is not dated, and on the original record on appeal filed in this court, it bears an illegible filing date. It reads as follows:

"COMES NOW THE DEFENDANT, Ronald S. Finley, and makes a special appearance for the purpose of this motion only, and respectively (sic) shows unto the Court:

That on April 9, 1970 His Honor D. Marsh McLelland signed a purported Judgment ordering certain monies paid and certain transfer and orders concerning certain real estate without having proper jurisdiction.

That the lack of proper jurisdiction appears upon the face of the record.

WHEREFORE, the defendant prays the Court that the Judgment in this matter dated April 9, 1970 be arrested and declared null and void."

Under date of 4 November 1971, the trial judge entered an order (no filing date is shown) denying the motion in arrest of judgment, and the defendant appealed to the Court of Appeals, assigning error.

*Dalton & Long by W. R. Dalton, Jr., for plaintiff appellee.*

*Wade C. Euliss for defendant appellant.*

MALLARD, Chief Judge.

Appellant says that "(t)he only question involved in this appeal is whether the trial judge is correct in denying defendant's motion, by special appearance, that the Judgment dated April 9, 1970 be arrested and declared null and void."

[1]  Rule 19(a) of the Rules of Practice in the Court of Appeals of North Carolina [see Volume 4A, Appendix 1(4), p. 253, of the General Statutes of North Carolina and pp. 31-32 of the 1971 Supplement thereto] requires that the proceedings shall be set forth in the order of the time in which they occurred, and that every pleading, motion, affidavit or other document included in the record on appeal shall plainly show the date on which it was filed and, if verified, the date of the verification and the name of the person who verified it. This rule also requires that every order, judgment, decree and determination show the date on which it was signed and the date on which it was filed.

In the record before us the foregoing provisions of the rules were ignored in many respects, among which are: The filing dates are absent or illegible on the original record filed in the Court of Appeals and are therefore not shown on the repro-. duced record of the complaint, the order of publication, the notice of service of process by publication appearing on page 9, the "Supplementary Affidavit for Service by Publication" and the "Affidavit of Publication" on page 10, and the judgment dated 9 April 1970. (Although there is a date appearing after the word "Judgment," the record does not indicate to what this date pertains; however, from an examination of the original record on file in this office, it appears that this may be the

date the judgment was signed and may be the date it was filed, but the record does not show this.) Neither the filing date nor the date of the defendant's "Special Appearance Making Motion to Arrest Judgment" appears, and the filing date on the original filing of this motion is illegible. The judgment dated 4 November 1971 denying defendant's motion to arrest the judgment herein contains a date after the word judgment, but there is nothing to indicate to what this date pertains. Moreover, the "Supplementary Affidavit for Service by Publication" (on page 10), which appears to have been sworn to by plaintiff's attorney on *5 January 1971,* was placed in the original index and record, as well as in the reproduced record, before an affidavit of one Thomas Boney, Publisher, as to the publication of the notice of service of process by publication. This affidavit shows that it was sworn to on *19 March 1970.*

Appellant says in his brief that both the "Supplementary Affidavit" and the affidavit of publication were "filed in this case approximately nine months after the Judge signed the judgment of April 9, 1970." In an addendum to the record, however, there appears to be another "Affidavit of Publication" filed 9 April 1970. The filing date on the original of this "Supplementary Affidavit" filed in this court is almost illegible and there is no filing date on the publisher's affidavit of publication. With some imagination and interpolation, however, this "Supplementary Affidavit" could be interpreted as bearing a filing date of 5 January 1971, which would have been after the signing date appearing on the judgment dated 9 April 1970. This affidavit appears in the original index and in the original record filed in this court by the appellant before the judgment dated 9 April 1970, which judgment (if we again use some imagination and interpolation) could have been, and probably was, filed on 13 April 1970. If our assumption as to the date of the filing of the judgment is correct, we then could logically proceed further and speculate that the "Supplementary Affidavit for Service by Publication" and the affidavit as to publication were both filed before the judgment, because the rules of this court require that in the record on appeal documents appear in the order of filing and the documents referred to appear before the judgment. In this case, we will not indulge in such speculation. The record before us is incomplete, disorganized, and in an obviously disordered condition and some of these filing dates are material to the question appellant seeks to present.

It was the duty of the appellant to cause the record on appeal to be properly made up and transmitted to the Court of Appeals. *State v. Cutshall,* 278 N.C. 334, 180 S.E. 2d 745 (1971) ; *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971) ; *State v. Thigpen,* 10 N.C. App. 88, 178 S.E. 2d 6 (1970) ; *State v. Byrd,* 4 N.C. App. 672, 167 S.E. 2d 522 (1969). The appellant has thus failed to comply with the rules of this court, and for failure to comply with the rules, the appeal is subject to be dismissed. See Rule 48 of the Rules of Practice in the Court of Appeals.

[2]  Under Rule 6 of the General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure adopted Pursuant to G.S. 7A-34, effective July 1, 1970 [see Volume 4A, Appendix 1(5), p. 271, of the General Statutes of North Carolina], it is provided that all motions, written or oral, shall state the rule number or numbers under which the movant is proceeding. It is noted that the defendant, in addition to failing to date his "Special Appearance Making Motion to Arrest Judgment," also failed to comply with this rule requiring him to state the rule number or numbers under which he was proceeding and therefore this motion was insufficient. See *Clouse v. Motors, Inc.,* 14 N.C. App. 117, 187 S.E. 2d 398 (1972) ; *Lehrer v. Manufacturing Co.,* 13 N.C. App. 412, 185 S.E. 2d 727 (1972) ; *Plumbing Co. v. Supply Co.,* 11 N.C. App. 662, 182 S.E. 2d 219 (1971) ; *Terrell v. Chevrolet Co.,* 11 N.C. App. 310, 181 S.E. 2d 124 (1971) ; and *Lee v. Rowland,* 11 N.C. App. 27, 180 S.E. 2d 445 (1971).

We hold that the "Special Appearance Making Motion to Arrest Judgment" was incorrectly made, and that on this record the appellant does not present the question sought to be presented. The trial judge could have properly denied defendant's motion by "Special Appearance" that the judgment dated 9 April 1970 be arrested and declared null and void for failure to comply with Rule 6.

For the reasons hereinabove stated, the appeal is dismissed.

Appeal dismissed.

Judges MORRIS and PARKER concur.