THEODORE R. ANDERSON, PLAINTIFF EMPLOYEE v. CENTURY DATA SYSTEMS, INC., DEFENDANT EMPLOYER, AND INTEGON INDEMNITY CORP., DEFENDANT CARRIER

No. 8410IC293

(Filed 4 December 1984)

1. **Master and Servant § 58— workers' compensation—defense of intoxication—burden of proof**

In asserting the defense of intoxication under G.S. 97-12, the employer is not required to come forward with evidence disproving all possible causes

Anderson v. Century Data Systems

other than intoxication or to prove that intoxication was the sole proximate cause of the employee's injuries; rather, the employer is required to prove only that the employee's intoxication was more probably than not a cause in fact of the accident resulting in injury to the employee.

**2. Master and Servant § 58— workers' compensation—intoxication of employee—insufficient findings**

The Industrial Commission's finding that "it has not been proven that plaintiff's injuries were proximately caused by intoxication" was insufficient to resolve issues regarding the defense of intoxication raised by the evidence where defendant employer offered substantial evidence tending to show that the accident was proximately caused by plaintiff's intoxication.

**3. Master and Servant § 58— workers' compensation—intoxicants provided by employer—insufficient evidence**

There was no competent, credible evidence in the record to raise an issue as to whether defendant employer provided intoxicants to plaintiff employee.

APPEAL by defendants employer and carrier from opinion and award of the North Carolina Industrial Commission filed 9 November 1983. Heard in the Court of Appeals 27 November 1984.

Plaintiff filed this claim under the Workers' Compensation Act, claiming that injuries sustained by him in a motor vehicle collision occurred as a result of an accident arising out of and in the course of his employment. Following a hearing and after consideration of additional evidence received in the form of depositions, the Industrial Commission made findings of fact and conclusions of law and entered an opinion and award directing defendants to pay plaintiff compensation. Defendants appealed.

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and Sanford W. Thompson, IV, for plaintiff, appellee.*

*Horton & Michaels, by Walter L. Horton, Jr., for defendants, appellants.*

HEDRICK, Judge.

The following facts are undisputed: Plaintiff-employee is a field service technician employed by defendant to service "computer-type" cash registers sold by defendant-employer. Defendant provided plaintiff a car to use in making service calls, and assigned him a "service territory" in southeastern North

Carolina. On 13 March 1980 plaintiff reported to defendant-employer's Wilmington office and was instructed to go to Myrtle Beach, outside his service territory, to repair a slip printer at the Litchfield Beach Inn. Plaintiff left Wilmington at approximately 10:30 a.m. and arrived in Myrtle Beach at approximately noon. After completing his assigned work at the Litchfield Beach Inn, plaintiff and two other employees went to a steakhouse. One employee, a Branch Manager for defendant-employer in South Carolina, bought beer for himself, plaintiff, and the third employee. At approximately 1:30 a.m., while returning to Wilmington from Myrtle Beach, plaintiff was seriously injured in an accident occurring when the car he was driving veered into the path of an oncoming Mack Tractor Trailer unit. Testing on a blood sample taken from plaintiff at approximately 2:30 a.m. on 14 March 1980 revealed a blood-alcohol level of .199%.

At the hearing on plaintiff's claim for benefits under the Workers' Compensation Act, the parties stipulated that "Defendants plead the provisions of 97-12 with reference to intoxication in bar of the claim." G.S. 97-12 in pertinent part provides:

> No compensation shall be payable if the injury or death to the employee was proximately caused by: .
>
> (1) His intoxication, provided the intoxicant was not supplied by the employer or his agent in a supervisory capacity to the employee;

In support of their contention that plaintiff's injuries were proximately caused by his intoxication, defendants introduced evidence tending to show that on the evening of 13 March 1980 plaintiff drank one or two beers between 8:00 and 9:00. Plaintiff returned to his car at approximately 9:30, and he was not intoxicated at that time. At approximately 1:30 a.m. plaintiff was observed by William J. Davis on Highway 17, approximately fifty miles north of Myrtle Beach. Mr. Davis, who was driving a Mack Tractor Trailer unit in the southbound lane, first observed plaintiff when he was about three-quarters of a mile away. Mr. Davis saw the vehicle driven by plaintiff round a curve, at which time the car crossed the center lane, with "most of the car" in the southbound lane. Mr. Davis prepared to stop and flashed his headlights, whereupon plaintiff's car returned to the northbound lane. When the vehicles were approximately 45 feet apart, plain-

tiff's car again veered into the truck's path, and the collision occurred.

Plaintiff testified that he is unable to remember any of the events surrounding the accident.

The findings of fact made by the Commission from the evidence in the case pertinent to the issue of plaintiff's intoxication are as follows:

6. Plaintiff completed his work at the Litchfield Beach Inn between 6:00 and 7:00 p.m. and he and Bernie returned to Myrtle Beach where they met Mr. Frie at the steak house at approximately 8:00 p.m. The three men stayed at the steak house for about one hour and drank two or more bottle of beer each which beer was purchased by Mr. Frie. Thereafter, Mr. Frie left the steak house at approximately 9:00 p.m.

7. Plaintiff and Bernie remained at the steak house for about another hour. . . . The two men then left the steak house and went to the place in Myrtle Beach where Bernie had left his automobile. . . . The two men then parted. . . .

8. At approximately 1:30 a.m. on 14 March 1980 the Pinto which plaintiff was driving rounded a curve partly in the wrong side of the road headed in a Northerly direction on U.S. Highway 17 . . . 50 or more miles North of Myrtle Beach on the highway. . . .

9. There was headed on the same stretch of straight highway in a Southerly direction at the same time a Mack Tractor pulling a tanker trailer. Such rig was driven at a speed of approximately 55 miles per hour by William J. Davis. The weather was fair and clear. Davis observed the vehicle driven by plaintiff being driven back on the right Northbound lane and of such Pinto being driven straight down the highway at a reasonable rate of speed. Nothing abnormal occurred until the vehicles were only about 45 feet apart. At such time the Pinto suddenly veered into Mr. Davis' lane of travel and the two vehicles collided with the left front of the Pinto striking the left front of the Mack Tractor Trailer.

10. . . . Plaintiff's blood alcoholic content upon hospital-
ization was .199%. At least a portion of the alcohol plaintiff
consumed in the hours prior to his injury by accident was
supplied by an agent of defendant-employer acting in his su-
pervisory capacity.

. . .

12. It has not been proven that plaintiff's injuries were
proximately caused by intoxication.

Based on the above findings, the Commission made what it
termed a conclusion of law:

1. On 14 March 1980 plaintiff sustained an injury by acci-
dent arising out of and in the course of his employment with
defendant employer. It has not been proven that such injury
by accident was proximately caused by intoxication. G.S.
97-2(6); G.S. 97-12; *Yates v. Hajoca Corp.*, 1 N.C. App. 553;
*Lassiter v. Town of Chapel Hill, supra, Inscoe v. Industries,*
292 N.C. 210; *Smith v. Central Transport,* 51 N.C. App. 316.
However, even if it had been concluded that intoxication was
a proximate cause of plaintiff's accident, at least a portion of
the alcohol consumed by the plaintiff in the hours prior to his
injury was supplied by an agent of defendant-employer acting
in his supervisory capacity.

The only question raised on this appeal relates to the affirma-
tive defense described in G.S. 97-12, which provides that an
employer is relieved of his obligations under the Workers' Com-
pensation Act where an employee's injury is proximately caused
by that employee's intoxication.

It is the duty of the Commission to make findings of fact
resolving all issues raised by the evidence given in the case. The
evidence in the instant case raises two issues: (1) whether plaintiff
was intoxicated at the time of the accident, and (2) if so, whether
the accident was proximately caused by his intoxication.

In regard to the first issue, whether plaintiff was intoxicated
at the time of the accident, we note that the Commission did not
make an express ultimate finding of fact on this point. Examina-
tion of the evidentiary findings made by the Commission, how-
ever, persuades us that the Commission implicitly found that

plaintiff was intoxicated at the time of the accident. Indeed, the evidence would not support a finding to the contrary.

[1, 2]   We next consider the Commission's findings with respect to whether the accident was proximately caused by plaintiff's intoxication. In this regard, we hold the Commission's statement, labeled a finding of fact, that "[i]t has not been proven that plaintiff's injuries were proximately caused by intoxication," insufficient to resolve the issue raised by the evidence on this point. We further hold that the Commission's statement is affected by error of law, made manifest in the following additional language in the Commission's opinion:

> The cause of plaintiff's motor vehicle veering across the highway into the path of the Mack Tractor is unknown. There are various possibilities as to the cause which would appear to include the possibility of plaintiff dozing or falling asleep, the possibility of his attention being diverted by some unknown cause, the possibility of his suddenly becoming ill, and the possibility of the incident being caused by intoxication. A finding of fact concerning any of such possibilities would, in the opinion of the undersigned, be based upon suspicion and conjecture.

Under G.S. 97-12, the employer has the burden of proof on the affirmative defense of intoxication. *See Smith v. Central Transport,* 51 N.C. App. 316, 276 S.E. 2d 751 (1981). The Commission misconstrues, however, the nature of the employer's burden. The employer is not required to come forward with evidence disproving all possible causes other than intoxication. Nor is he required to prove that intoxication was the *sole* proximate cause of the employee's injuries. *Rorie v. Holly Farms,* 306 N.C. 706, 295 S.E. 2d 458 (1982). In asserting the defense of intoxication set out in G.S. 97-12, the employer is required to prove only that the employee's intoxication was more probably than not a cause in fact of the accident resulting in injury to the employee. *Id.; see also Plumbing Co. v. Supply Co.,* 11 N.C. App. 662, 182 S.E. 2d 219 (1971) (discussing meaning of "greater weight of the evidence").

In the instant case the employer offered substantial evidence tending to show that the accident was proximately caused by plaintiff's intoxication, and a finding to this effect, if made by the Commission, would be supported by the evidence. A finding that

plaintiff's "attention [was] diverted by some unknown cause," on the other hand, would be entirely without support in the evidence in the record. The Commission is thus incorrect in saying that "[a] finding of fact concerning any of such possibilities would . . . be based upon suspicion and conjecture." The Commission may or may not find the evidence introduced by defendant credible, but it must in any case make definitive findings of fact based on its assessment of the evidence.

We are cited by plaintiff to *Yates v. Hajoca Corp.*, 1 N.C. App. 553, 162 S.E. 2d 119 (1968) and *Lassiter v. Town of Chapel Hill,* 15 N.C. App. 98, 189 S.E. 2d 769 (1972) (both cases involving G.S. 97-12 prior to its amendment in 1975), in support of his contention that the Commission's statement in Finding of Fact No. 12 is sufficient to resolve all issues regarding the defense embodied in G.S. 97-12. We hold these cases clearly distinguishable on their facts, but in any event we repudiate any suggestion in either case that the Commission is not required to make definitive findings resolving all issues raised by the evidence. In *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706 (1952), our Supreme Court considered facts similar to those of the instant case. In *Thomason* the Industrial Commission found as facts that (1) "we have no way of knowing what transpired . . . between 3:15 A.M. . . . and approximately 5:00 o'clock A.M., when the fatal wreck occurred;" (2) "the cause of the collision remains unexplained;" and (3) "the death of [the employee] was not occasioned by . . . intoxication." *Id.* at 604, 70 S.E. 2d at 707. Labeling these findings "mere conclusions," *id.* at 606, 70 S.E. 2d at 709, Justice Ervin emphasized the importance of proper findings of fact, saying, "[They] should tell the full story of the event giving rise to the claim for compensation." *Id.* at 605, 70 S.E. 2d at 709. The Court went on to say that the finding that the plaintiff's death was not occasioned by his intoxication was "destroyed by the antagonistic finding that 'the cause of the collision remains unexplained.' " *Id.* at 606, 70 S.E. 2d at 709. *See also Coleman v. City of Winston-Salem*, 57 N.C. App. 137, 291 S.E. 2d 155, *disc. rev. denied,* 306 N.C. 382, 294 S.E. 2d 206 (1982), *cert. denied,* 459 U.S. 1112 (1983) (remanding proceeding to Industrial Commission for more specific findings where Commission found only that there was "no evidence that the death was caused by intoxication," and the record contained "ample evidence" that the employee's intoxication proximately caused his death).

Anderson v. Century Data Systems

[3]  We note that the conclusion that "[h]owever, even if it had been concluded that intoxication was a proximate cause of plaintiff's accident, at least a portion of the alcohol consumed by the plaintiff in the hours prior to his injury was supplied by an agent of defendant-employer acting in his supervisory capacity" was not in the original opinion and award drafted by Chief Deputy Commissioner Shuford. This equivocal statement was added by the full Commission as an amendment to the findings of fact and conclusions of law when it adopted as its own the original opinion and award of the Chief Deputy. This statement, if it be considered as a finding of fact or conclusion of law, is so equivocal as to be of no legal significance. Clearly, there is no necessity for the Commission to reach the issue of whether "the intoxicant" was provided by the employer until it has decided that the employee was intoxicated, and that the accident was proximately caused by his intoxication. We hold there is no competent, credible evidence in this record to raise an issue as to whether the employer provided "the intoxicant."

G.S. 97-12 is an integral part of our Workers' Compensation Act and evidences the Legislature's intention to relieve an employer of the obligation to pay compensation to an employee when the accident giving rise to the employee's injuries is proximately caused by his intoxication. The oft-quoted rule that the Act should be liberally construed, *see e.g., Johnson v. Hosiery Company*, 199 N.C. 38, 40, 153 S.E. 591, 593 (1930), does not license either the Commission or the courts to disregard the manifest intention of the Legislature in enacting G.S. 97-12.

For the reasons set out herein, the order requiring the defendants to pay compensation to the plaintiff is vacated, and the cause is remanded to the Industrial Commission for findings based on the present record and proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges WEBB and HILL concur.