I respectfully dissent from the majority opinion and would adopt the Opinion and Award of the Deputy Commissioner in this case with an additional Finding of Fact explicitly stating, rather than leaving to inference, that the plaintiff was "under the influence" at the time of her on the job injury.
Pursuant to N.C. Gen. Stat. § 97-12, compensation shall not be awarded to the employee if the injury was proximately caused by her being "under the influence" of any controlled substance listed in North Carolina under N.C. Gen. Stat. § 90-86. This list includes marijuana.
There is sufficient evidence of record to prove by the greater weight that the employee was "under the influence" at the time of the on the job injury. Even though the presence of marijuana metabolites in urine does not indicate the psychoactive metabolite of intoxication, the level of metabolites indicates a time frame when the smoking occurred and length of intoxication thereafter. The level of 237 nanograms per milliliter of marijuana metabolites in the employee's urine indicates that she smoked marijuana between zero and eight hours prior to being tested in the hospital when she was treated subsequent to her on the job injury. Consequently, the employee's testimony that she had smoked two drags off of a marijuana cigarette the weekend before her on the job injury on Friday is not credible in light of the medical evidence. For example, it would require the employee's smoking 20 marijuana cigarettes during the prior weekend in order to reach the metabolite level which was revealed by the following Friday's urine test. Furthermore, according to the medical evidence, the effects of marijuana can adversely affect human behavior up to 24 hours and even smoking one marijuana cigarette will affect complicated performance. Therefore, the employee's level of metabolites indicates that her performance and behavior were adversely affected and impaired. Thus, the majority's Finding of Fact numbers 14, 17, 18, and 19 are contrary to the greater weight of the medical evidence in this case.
Although the employee argues that her injury was due to the size of her gloves and her lack of sleep the preceding night, there is no evidence that this situation was unusual. In fact, the employee always obtained her gloves with no particular attention to their size and wearing the same or different size gloves previously did not result in injury to her or to any other employees. On numerous occasions the employee and co-employees had used without incident the rethreading method while the machines were running and while wearing various size gloves. Thus, this further supports the conclusion that the employee's injury was proximately caused by her being under the influence of marijuana. The additional or unusual factor in this situation is not glove size or sleep deprivation, but rather marijuana use by the employee prior to work and its impairing effect which proximately caused the employee's on the job injury.
Even if the large glove and alleged fatigue are accepted as additional causes of her injury, intoxication is nevertheless a proximate cause. The employer is not required to come forward with all possible causes other than intoxication but only to prove that plaintiff's intoxication was more probable than not a cause in fact of the accident. Anderson v. Century Data Sys., 71 N.C. App. 540,547, 322 S.E.2d 638, 642 (1984). Further, the employer need not prove that the plaintiff's intoxication was the sole proximate cause of the injury. Rorie v. Holly Farms Poultry Co.,306 N.C. 706, 711, 295 S.E.2d 458, 462 (1982).
 S/ ________________ DIANNE C. SELLERS COMMISSIONER