Plaintiff in this case worked as an operator of a veneer clipper, a machine which utilized a blade to cut pieces of veneer. On each machine there was a guard placed approximately six inches from the blade. These guards were intended to protect an operator from placing his hands near the blade. However, the guard on plaintiff's machine was positioned such that he was able to slip his fingers under it as he was using the blade. On 23 August 1994, plaintiff sustained an injury while operating his veneer clipper when the blade cut through the index, middle and ring fingers on his left hand. On this occasion, plaintiff was working with his hand under the guard as he had done repeatedly in the past.
Before the Commission, the primary issue to be determined was whether plaintiff's injury was a compensable injury by accident or whether it was the proximate result of his intoxication on the date in question. Because I believe the majority improperly weighed the expert testimony in this matter, I respectfully dissent from Full Commission's Opinion and Award.
Each party called an expert witness to testify. Defendant's witness, Dr. Robert E. Cross, Ph.D, has an expertise limited to the chemistry of alcohol. Although Dr. Cross is an expert in measuring the levels of chemical substances in the body, he is not an expert in ergonomics or in how humans perform tasks with levels of chemical substances in their systems. During his deposition testimony, Dr. Cross admitted that questions concerning the likelihood, in the absence of alcohol, of plaintiff sustaining an injury while working on the machine in question was outside of his area of expertise.
Additionally, Dr. Cross compared plaintiff's duties in operating the veneer chipper to those involved in driving an automobile. Dr. Cross went on to testify that alcohol would be a substantial causative factor in any automobile accident in which the driver had a blood alcohol content in excess of .05%. Based on this testimony, the opinions of Dr. Cross would appear to be biased, and therefore unreliable, regarding the use of alcohol and its presence in a person's system during any type of activity.
In contrast to defendant's expert, plaintiff's expert, Dr. Richard G. Pearson, Ph.D., is an expert in ergonomics and a professor of Industrial Engineering. Of additional importance to this case, Dr. Pearson is also an expert in machine guarding and has consulted with governmental agencies on issues of occupational safety and health. In his work, Dr. Pearson has taught material regarding the industrial behavioral effects of alcohol and other drugs and has performed studies for the United States Air Force on this subject.
Dr. Pearson testified in much detail on the type of brain functions utilized with the type of movements, reactions and decision making involved in the performance of plaintiff's work. As for the effect of alcohol in plaintiff's system, Dr. Pearson opined that the type of tasks plaintiff was performing at the time of his injury did not involve the type of brain activity that is affected by alcohol. In sum, Dr. Pearson was of the clear opinion that the accident in question occurred independently of the alcohol in plaintiff's system and that alcohol was not a causative factor.
Upon reviewing the testimony of both expert witnesses, it is clear that the opinions of Dr. Pearson should be accorded more weight. In fact, it is my belief, that his opinions are the only ones of which should be accepted given the lack of expertise by Dr. Cross with the crucial issues involved in this case.
Based on a proper consideration of the expert testimony in this case, the evidence does not support a finding that plaintiff's intoxication was a proximate cause of his injuries. Under the Act, defendant has the burden of proving the affirmative defense of intoxication. G.S. § 97-12. The mere presence of alcohol in the system of an employee, even if it is at or above the legal limit for intoxication, does not invoke the compensation barring effects of G.S. § 97-12. Anderson v. Century Data Systems,71 N.C. App. 540, 322 S.E.2d 638 (1984), disc. review denied,313 N.C. 327, 327 S.E.2d 887 (1985). Rather, the relevant issue to be determined is whether the intoxication "was more probably than not a cause in fact of the accident." Id. Because the evidence in this matter does not support such a conclusion, I would find that plaintiff sustained a compensable injury by accident and award the appropriate benefits.
For the foregoing reasons, I would vote to reverse the prior decision by the Deputy Commissioner and respectfully dissent from the majority's Opinion and Award.
 S/ _______________________ CHRISTOPHER SCOTT COMMISSIONER