***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of Deputy Commissioner Hall.
The State of North Carolina has enacted numerous laws and regulations emphasizing the strong public policy against the use of alcohol while at work. To award benefits to plaintiff, who was under the influence of alcohol while at work, would send the message that intoxication at work will be tolerated in the State of North Carolina. The Industrial Commission has a duty to strongly uphold public policy.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The date of the alleged injury, which is the subject of this claim, is June 27, 2002.
2. On such date, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On such date, an employment relationship existed between plaintiff and defendant-employer.
4. On such date, defendant-employer employed three or more employees.
5. On such date, defendant-employer was insured by Travelers Insurance Company.
6. Plaintiff's average weekly wage will be determined from the Industrial Commission Form 22 to be produced by the employer.
7. The deposition of Glenn S. Simon, Ph.D. is a part of the evidentiary record in this case.
 ***********
Based on the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On June 27, 2002, plaintiff was working as an ironworker for defendants in Johnston County, North Carolina. Plaintiff was working on construction of an elementary school when he fell off of a steel I-beam.
2. Plaintiff testified at the hearing before the deputy commissioner that he did not remember the manner in which he fell. Defendants offered testimony that plaintiff was "cooning" across a piece of iron when he slipped and fell. Plaintiff testified that "cooning" is when a person puts his feet on the bottom of the beam and holds the top of the beam as he makes his way across the beam. Plaintiff also testified that he would disagree with that testimony.
3. Plaintiff fell from a height of approximately 22 feet and landed on the ground, which was covered with dirt and gravel. After his fall, plaintiff was immediately taken to Johnston Memorial Hospital and was thereafter flown to Duke University Medical Center for further evaluation and treatment for a fractured neck.
4. While being treated at Johnston Memorial Hospital, plaintiff's treating providers noted a strong smell of alcohol on plaintiff and indicated that the smell was so strong that it could be detected outside of the room. A blood test was performed on plaintiff at that time and revealed a blood alcohol level of 0.27. Plaintiff's blood also tested positive for cocaine.
5. Dr. Glenn Simon, a toxicologist, reviewed the evidence in this case and opined that, to a reasonable degree of toxicological certainty, plaintiff's fall on June 27, 2002 was proximately caused by his intoxication at that time.
6. Plaintiff was not connected to a safety line at the time of his fall.
7. Plaintiff testified that the alcohol was provided by his supervisor. The record shows that plaintiff testified that alcohol was provided for the workers, and was paid for by "Onion" (Herman Phipps), who was their supervisor. Plaintiff initially testified that the alcohol was provided by V.R. Phipps, whose wife, Ann, is an owner of employer-defendant. Plaintiff then changed his mind, and indicated that "Onion" provided the alcohol. When asked whether plaintiff supplied any of his own alcohol, he denied doing so, indicating that he had no money. Plaintiff testified that he did not consume any alcohol that was not provided for him by V.R. Phipps, "Onion" (Herman Phipps), or their family members. However, upon further questioning, plaintiff indicated that at sometime during the night, the employees were given advances on their paycheck, and then they all contributed to purchase more alcohol. As plaintiff's testimony is contradictory as to this point, it is not deemed credible and shall be afforded no weight.
8. Based upon the greater weight of the evidence, the Full Commission finds that plaintiff was intoxicated at the time of his fall on June 27, 2002, and the resulting injury was proximately caused by his intoxication.
9. Based upon the greater weight of the evidence, the Full Commission further finds that plaintiff was not provided alcohol by his employer.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On June 27, 2002, plaintiff sustained injuries while working for defendants, however, plaintiff was intoxicated on that date and his injuries were proximately caused by his intoxication. Under the provisions of the North Carolina Workers' Compensation Act, no compensation shall be payable if the injury to the employee was proximately caused by his intoxication. N.C. Gen. Stat. § 97-12(1).
2. Defendants were entitled to a copy of plaintiff's medical records for his initial emergency treatment pursuant to N.C. Gen. Stat. § 97-25
and Workers' Compensation Rule 407(7).
3. N.C. Gen. Stat. § 97-12 provides that: "[n]o compensation shall be payable if the injury or death to the employee was proximately caused by:
(1) His intoxication, provided the intoxicant was not supplied by the employer or his agent in a supervisory capacity to the employee; or
(2) His being under the influence of any controlled substance listed in the North Carolina Controlled Substances Act, N.C. Gen. Stat. § 90-86 etseq., where such controlled substance was not by prescription by a practitioner."
4. An employer is not required to show that intoxication is the sole
proximate cause, only that the impairment was a proximate cause of the accident. Anderson, 71 N.C. App. 540, 545, 322 S.E.2d 638, 641 (1984) (emphasis added). "G.S. 97-12 is an integral part of our Workers' Compensation Act and evidences the Legislature's intention to relieve an employer of the obligation to pay compensation to an employee when the accident giving rise to the employee's injuries is proximately caused by his intoxication." Anderson v. Century Data Systems, Inc.,71 N.C. App. 540, 547, 322 S.E.2d 638, 642 (1984).
5. Plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act for the injuries that he sustained on June 27, 2002. N.C. Gen. Stat. §§ 97-2, 97-12.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the 18th day of March 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER