MICHAEL J. GRATZ, Employee, Plaintiff-Appellant v. JASON B. HILL, Employer, and ST. PAUL TRAVELERS INSURANCE COMPANY, Carrier, Defendants-Appellees

No. COA07-872

(Filed 1 April 2008)

## 1. Workers' Compensation— denial of benefits—intoxication

The Industrial Commission did not err in a workers' compensation case by denying plaintiff employee roofer benefits based on its finding as fact and concluding as a matter of law that plaintiff was intoxicated at the time he fell off a roof while working because: (1) N.C.G.S. § 97-12 relieves an employer of the obligation to pay compensation to an employee when the accident giving rise to the employee's injuries is proximately caused by his intoxication provided the intoxicant was not supplied by the employer or his agent in a supervisory capacity to the employee;

(2) the full Commission found as fact that plaintiff was intoxicated at the time of his fall, there was competent evidence in the record that plaintiff's blood alcohol level five to seven hours after the fall was 0.11 which was greater than the legal limit established for driving a motor vehicle, and there was competent evidence that at the time of the fall plaintiff's blood alcohol level was likely 0.22 or more; and (3) there was a rebuttable presumption that plaintiff was intoxicated, and plaintiff failed to rebut this presumption with competent evidence to the contrary.

## 2. Workers' Compensation— causation—intoxication

The Industrial Commission did not err in a workers' compensation case by finding as fact and concluding as a matter of law that plaintiff employee roofer's intoxication was a cause in fact of the injuries he sustained after falling from a roof while working because: (1) the employer only needs to demonstrate that it was more probable than not that intoxication was a cause in fact of the injury; and (2) the full Commission's finding that plaintiff's fall was caused by his intoxication was supported by competent evidence including the testimony of a coworker and a doctor, and the findings in turn supported its conclusions of law.

Appeal by plaintiff from the Opinion and Award of the Full Commission of the North Carolina Industrial Commission entered 24 April 2007 by Commissioner Danny Lee McDonald. Heard in the Court of Appeals 16 January 2008.

*The Vincent Law Firm, P.C., by Branch W. Vincent, III, for plaintiff-appellant.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Dana C. Moody and Kyla Block, for defendants-appellees.*

JACKSON, Judge.

Michael J. Gratz ("plaintiff") appeals the 24 April 2007 Opinion and Award of the Full Commission denying him workers' compensation benefits. For the reasons stated below, we affirm.

On 18 February 2002, plaintiff was working as a roofer for Jason B. Hill ("defendant"). A co-worker, Oscar Ray Plasencio ("Plasencio"), picked him up in a company van and drove a group of workers to the day's jobsite. On their way to the jobsite, they stopped at a convenience store to purchase breakfast items—biscuits, soda,

orange juice, "anything to get going." Plaintiff purchased a beer. Plasencio did not notice that plaintiff had purchased beer until he looked in his rearview mirror and saw plaintiff "chugging away."

It was a cold, windy day and plaintiff's co-workers did not want to go onto the steep roof. Of the four or five workers at the jobsite, plaintiff was the only one who attempted to work on the roof. Plaintiff's co-workers advised against getting on the roof, but "he thought he was tough."

Plaintiff climbed a piece of equipment used to send loads of shingles up and down—equipment which specifically says "do not climb" on it. Although safety equipment was available, plaintiff did not use it because such equipment was "for pansies." Within five to ten minutes, plaintiff fell off the roof.

No one saw plaintiff's actions immediately before he fell. Plaintiff testified that he began to staple down the first course of roofing paper, but when he rolled it out, it fell down a few inches. He was squatting down near the bottom of the fourth floor roof. He put down his stapler to pull the paper back up. As soon as he pulled the roll, he lost his footing and began to slide off the roof. Although he attempted to prevent himself from falling by trying to "scoot" back up the roof, the roof was still damp and he was unable to prevent his fall.

Plaintiff fell to the ground, landing on his feet. As a result of the fall, plaintiff sustained injuries to his left arm, both feet, pelvis, and lower spine. Plaintiff was hospitalized for two weeks following the accident.

Plasencio noted the smell of alcohol when he approached plaintiff after the fall. Responding paramedics and hospital personnel also smelled alcohol on plaintiff's breath. Glenn S. Simon, Ph.D. ("Dr. Simon")—an expert witness qualified in toxicology—explained that alcohol on the breath indicated that alcohol was still fresh in the body, that the consumption had occurred recently.

Tests done at the hospital five to seven hours after the accident revealed that plaintiff's blood alcohol level was 0.11 percent. Cannabinoids and cocaine also were found in plaintiff's urine. Dr. Simon opined that at the time of the accident, plaintiff's blood alcohol level was likely at or above 0.22 percent.

Dr. Simon explained that the legal limit for driving a motor vehicle is set at 0.08 because, for the vast majority of people, there are

no visible signs of impairment below that level, but increasingly visible signs above that level. Above 0.08, reflexes are slowed and judgment becomes impaired. Psychotropic substances also affect the way the mind thinks and the way the brain controls the body. Combining drugs makes the effects of any one of the drugs less predictable.

Plaintiff filed a Form 18 with the Industrial Commission on 25 March 2002, initiating his claim for workers' compensation benefits. On 5 August 2002, plaintiff's claim was denied by defendant's claim representative based in part on plaintiff's intoxication. Plaintiff requested a hearing, which was held before a deputy commissioner on 27 September 2005. An Opinion and Award denying plaintiff benefits was filed on 28 February 2006, from which plaintiff appealed to the Full Commission. The Full Commission also denied benefits in its Opinion and Award filed 24 April 2007. Plaintiff appeals.

**[1]** Plaintiff first argues that the Full Commission erred in finding as fact and concluding as a matter of law that he was intoxicated at the time of the accident. We disagree.

"Appellate review of an award from the Industrial Commission is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005) (citing *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986)). Although the Commission is the "sole judge of the credibility of the witnesses and the [evidentiary] weight to be given their testimony, findings of fact by the Commission may be set aside on appeal when there is a complete lack of competent evidence to support them." *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000) (alteration in original) (citations and internal quotation marks omitted). The Commission's conclusions of law are reviewed *de novo*. *Griggs v. Eastern Omni Constructors*, 158 N.C. App. 480, 483, 581 S.E.2d 138, 141 (2003).

"It is generally conceded by all courts that the various [C]ompensation [A]cts were intended to eliminate the fault of the work[er] as a basis for denying recovery." *Chambers v. Oil Company*, 199 N.C. 28, 33, 153 S.E. 594, 596 (1930). Courts also generally hold "that the various Compensation Acts of the Union should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow, and strict interpretation." *Johnson v. Hosiery Company*, 199 N.C. 38, 40, 153 S.E. 591, 593 (1930). However, North

Carolina General Statutes, section 97-12 "is an integral part of our Workers' Compensation Act and evidences the Legislature's intention to relieve an employer of the obligation to pay compensation to an employee when the accident giving rise to the employee's injuries is proximately caused by his intoxication." *Anderson v. Century Data Systems*, 71 N.C. App. 540, 547, 322 S.E.2d 638, 642 (1984), *disc. rev. denied*, 313 N.C. 327, 327 S.E.2d 887 (1985).

Pursuant to North Carolina General Statutes, section 97-12, "[n]o compensation shall be payable if the injury . . . to the employee was proximately caused by . . . [h]is intoxication, provided the intoxicant was not supplied by the employer or his agent in a supervisory capacity to the employee[.]" N.C. Gen. Stat. § 97-12 (2001).

In 2005, the General Assembly amended the statute to provide:

"Intoxication" . . . shall mean that the employee shall have consumed a sufficient quantity of intoxicating beverage or controlled substance to cause the employee to lose the normal control of his or her bodily or mental faculties, or both, to such an extent that there was an appreciable impairment of either or both of these faculties at the time of the injury.

A result consistent with "intoxication" . . . from a blood or other medical test conducted in a manner generally acceptable to the scientific community and consistent with applicable State and federal law, if any, shall create a rebuttable presumption of impairment from the use of alcohol or a controlled substance.

N.C. Gen. Stat. § 97-12 (2005). The legal standard established by the General Assembly for intoxication sufficient to convict a person of impaired driving is an alcohol concentration of 0.08 or more, "at any relevant time after the driving[.]" N.C. Gen. Stat. § 20-138.1(a)(2) (2001).

The Full Commission found as fact that plaintiff was intoxicated at the time of his fall. There is competent evidence in the record that plaintiff's blood alcohol level five to seven hours after the fall was 0.11—greater than the legal limit established for driving a motor vehicle. There also is competent evidence in the record that at the time of the fall, plaintiff's blood alcohol level was likely 0.22 or more. Therefore, there was a rebuttable presumption that plaintiff was intoxicated. Plaintiff failed to rebut that presumption with competent evidence to the contrary. Because this finding of fact is supported by

competent evidence of record, and in turn supports the Full Commission's conclusions of law, this argument is without merit.

**[2]** Plaintiff next argues that the Full Commission erred in finding as fact and concluding as a matter of law that his intoxication was a cause in fact of the injuries he sustained. We disagree.

Mere intoxication is insufficient to deny benefits; "only if the injury . . . 'was occasioned by the intoxication' " will benefits be denied. *Lassiter v. Town of Chapel Hill*, 15 N.C. App. 98, 101, 189 S.E.2d 769, 771 (1972), *overruled in part on other grounds by Anderson*, 71 N.C. App. at 546, 322 S.E.2d at 641. "The employer is not required to come forward with evidence disproving all possible causes other than intoxication. Nor is he required to prove that intoxication was the *sole* . . . cause of the employee's injuries." *Anderson*, 71 N.C. App. at 545, 322 S.E.2d at 641 (emphasis in original) (citing *Rorie v. Holly Farms*, 306 N.C. 706, 295 S.E.2d 458 (1982)). The employer only needs to demonstrate "that it is more probable than not that intoxication was *a* cause in fact of the injury." *Sidney v. Raleigh Paving & Patching, Inc.*, 109 N.C. App. 254, 256, 426 S.E.2d 424, 426 (1993) (emphasis added) (citing *Anderson*, 71 N.C. App. 540, 322 S.E.2d 638).

The Full Commission found as fact that plaintiff's fall was caused by his intoxication. This finding of fact is supported by the testimony of both Plasencio and Dr. Simon.

Plasencio testified that based on plaintiff's extensive roofing experience, he believed plaintiff fell off the roof because of the alcohol that plaintiff used that day. Plasencio previously had seen plaintiff on rooftops and observed that he was sure-footed. Plaintiff "didn't have his head straight" and no one was with him to help him do his work. All the other workers had decided it was too windy to work that day. Plasencio stated that plaintiff would have been safe had he not been drinking. According to Plasencio, alcohol "impairs everything."

Dr. Simon testified that in his opinion, "alcohol was very clearly a principal factor in [plaintiff's] fall that day." The cannabinoids and cocaine that were found in his urine, in whatever amount, also could have contributed to the effects of the high level of alcohol in plaintiff's system. Dr. Simon believed plaintiff showed the type of judgment that one would attribute to someone who is intoxicated in that he chose to go up on the roof when his co-workers refused to do so.

This decision placed him on the roof in a position to fall off of it. He stated that, for the majority of the population, the level of alcohol plaintiff must have had in his system at the time of the fall would cause slowed reflexes, intermittent loss of balance, and loss of coordination. In Dr. Simon's opinion, that would be sufficient to have an accident such as plaintiff's. As further evidence of impaired judgment, Dr. Simon noted that plaintiff decided to purchase alcohol early in the morning on the way to a roofing job, and that given his blood alcohol content, this purchase could not have been the only alcohol plaintiff had consumed that morning.

The Full Commission's finding of fact that plaintiff's fall was caused by his intoxication is supported by competent evidence of record. This finding of fact in turn supports the Full Commission's conclusions of law. Therefore, this argument also is without merit.

Because the Full Commission's findings of fact and conclusions of law support its denial of workers' compensation benefits to plaintiff, its Opinion and Award is affirmed.

Affirmed.

Judges HUNTER and BRYANT concur.