MARC ANTHONY TORAIN, JULIET V. TORAIN, DAVID W. TORAIN, JR., AND CHARLES TORAIN, CHILDREN OF DAVID WILLIAM TORAIN (DECEASED EMPLOYEE), PLAINTIFFS v. FORDHAM DRUG COMPANY, INC., EMPLOYER AND HOME INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8510IC657

(Filed 4 March 1986)

**1. Evidence § 51— intoxication two hours before blood test—opinion testimony**

A medical witness was competent to state his opinion as to decedent's intoxication at 2:50 p.m. based upon the results of a blood alcohol test administered to decedent at 5:00 p.m. and the effect on decedent's blood alcohol level of having had his stomach emptied and having been administered an intravenous lactate solution shortly after he arrived at the hospital at 3:30 p.m.

**2. Master and Servant § 58— workers' compensation—intoxication as cause of death**

Findings by the Industrial Commission that deceased employee was intoxicated at the time of a one-car accident and that his intoxication was a proximate cause of his death were supported by evidence with respect to the manner in which deceased was driving immediately before the accident, the presence of an odor of alcohol about his person, deceased's statement at the hospital that he had been drinking, evidence that his blood alcohol level was .13 percent some two hours after the accident, and evidence negating brake failure or other vehicle defect as the cause of the accident. N.C.G.S. 97-12.

APPEAL by plaintiffs from opinion and award of the North Carolina Industrial Commission filed 6 February 1985. Heard in the Court of Appeals 2 December 1985.

David William Torain was employed by Fordham Drug Company, Inc. in Greensboro as a delivery man. He was provided a 1977 Toyota automobile by his employer with which to make his deliveries. At approximately 2:50 p.m. on 9 October 1982, while making the deliveries, Mr. Torain was involved in a one-car automobile accident when the 1977 Toyota he was operating passed through a stop sign at the intersection of Lexington and Lee Streets in Greensboro, struck a fire hydrant, and rolled over, landing on its top. Mr. Torain was taken to Wesley Long Hospital where he was initially treated under the supervision of Dr. Ronald Joyner (Director of Emergency Services at Wesley Long Hospital) and, subsequently, Dr. Peter Young (general surgeon). On 10 October 1982, Mr. Torain died due to injuries sustained in the accident.

Plaintiffs, Mr. Torain's adult children, commenced this proceeding, under the Workers' Compensation Act, to recover compensation and benefits for his death. On 14 September 1983, the case was heard by the deputy commissioner. The stipulated issues for decision were:

(1) Whether the injury resulted in death, and

(2) Whether the injury was proximately caused by deceased employee's intoxication.

In an opinion and award filed 31 May 1983, the deputy commissioner concluded that Mr. Torain's death proximately resulted from an injury by accident arising out of and in the course of his employment, and that his death was not proximately caused by intoxication. Defendants appealed to the Full Commission.

On 9 January 1985, the Full Commission, with Commissioner Vance dissenting, reversed the decision of the deputy commissioner and denied the claim. The majority of the Commission found and concluded that the deceased employee was intoxicated at the time he sustained an injury by accident arising out of and in the course of employment and that his intoxication was one of the proximate causes of his injury and death. Plaintiffs appeal.

*Alexander Ralston, Pell & Speckhard, Elreta M. Alexander Ralston and Donald K. Speckhard, for plaintiff appellants.*

*Tuggle, Duggins, Meschan & Elrod, P.A., by Richard L. Vanore and Frederick K. Sharpless, for defendant appellees.*

MARTIN, Judge.

The sole issue presented by this appeal is whether there was sufficient competent evidence to support the Commission's findings that the deceased employee was intoxicated at the time of the accident and that his intoxication was a proximate cause of his death due to injuries sustained therein. Our review of the record discloses ample evidence to support the Commission's findings. We affirm.

Upon appeal from a decision of the Industrial Commission, our review is limited to resolving: (1) Whether there is any competent evidence in the record to support the Commission's findings of fact; and (2) whether the Commission's findings of fact

support its conclusions of law. *McLean v. Roadway Express*, 307 N.C. 99, 296 S.E. 2d 456 (1982); *Mills v. Fieldcrest Mills*, 68 N.C. App. 151, 314 S.E. 2d 833 (1984). The findings of fact are conclusive on appeal if supported by competent evidence although there exists evidence which would support contrary findings of fact. *McLean, supra.*

Defendants contested plaintiffs' right to compensation based upon the provisions of G.S. 97-12. That statute provides in pertinent part:

§ 97-12. No compensation shall be payable if the injury or death to the employee was proximately caused by:

(1) His intoxication, provided the intoxicant was not supplied by the employer or his agent in a supervisory capacity to the employee.

An employer has the burden of proving intoxication as an affirmative defense. *Id.* He must prove not only that the employee was intoxicated at the time of the accident causing the injury or death, but also that the accident was proximately caused by the employee's intoxication. *Anderson v. Century Data Systems*, 71 N.C. App. 540, 322 S.E. 2d 638 (1984). However, the employer need not disprove all other possible causes of the accident and injury nor that intoxication was the *sole* proximate cause; he is required to prove only that the employee's intoxication was more probably than not a proximate cause of the accident and resulting injury. *Rorie v. Holly Farms*, 306 N.C. 706, 295 S.E. 2d 458 (1982), *Anderson, supra.*

The Commission made the following findings of fact pertinent to the deceased employee's intoxication:

11. The deceased was transported by ambulance to Wesley Long Hospital and admitted in the emergency room at 3:30 p.m. with obvious contusions and abraisions [sic] and a small hematoma on the left forehead. He was conscious, but communication was difficult. It was noted that he smelled of alcohol. At 3:38 p.m. the deceased was examined by Dr. Ronald Freeman Joyner who diagnosed an abdominal injury.

. . .

13. Dr. Joyner drew blood for a blood alcohol test at 5:00 p.m. The blood test showed .13% of blood alcohol.

. . .

17. The collision in question was witnessed by one Anthony Maloni. Mr. Maloni was in a position to observe the employee as he traveled through a stop sign at the intersection of Lexington Avenue and West Lee Street, striking a fire hydrant, and then rolling the vehicle over on its top one and one-half to two and one-half times. During this period of time the employee failed to stop and never slowed down at any point until the vehicle came to rest.

18. Patrolman Davis of the Greensboro Police Department investigated the collision. He inspected the 1977 Toyota automobile and determined there were no vehicular defects which produced the accident. Patrolman Davis charged the employee with driving under the influence.

19. When the employee arrived at the hospital a history was obtained that he had "blacked out" prior to the collision. Past medical history was obtained from the family which indicated that he was a severe drinker.

. . .

21. At the time complained of the employee was intoxicated, and the accident which produced his death was proximately caused by his intoxication.

Plaintiffs except and assign error to the last four of the above stated findings of fact, contending that the evidence was insufficient to support those findings. We have examined each of the findings of fact in the light of the evidence presented and find that there was competent evidence before the Commission to support each of them.

Findings of Fact 17, 18 and 19 are evidentiary findings of fact, and are based on the testimony of Anthony Maloni, an eyewitness to the accident, and upon the investigating officer's Traffic Accident Report, the autopsy report and the hospital records of the deceased employee. The reports and hospital records were admitted pursuant to a stipulation by the parties that they could "be accepted as *substantive* evidence" (emphasis ours) by the

Commission. The effect of the stipulation was to render the information contained in the reports and records competent for the Commission's consideration. Each of the facts found by the Commission in its Findings of Fact 17, 18 and 19 is reflected in the testimony of Mr. Maloni or in the accident report and hospital records.

Plaintiffs argue, however, that portions of the facts found in Findings of Fact 18 and 19 are incompetent to support the Commission's conclusion that Mr. Torain was intoxicated at the time of the accident. Specifically, they direct our attention to that portion of Finding of Fact 18, in which the Commission found that "Patrolman Davis charged the employee with driving under the influence," and that portion of Finding of Fact 19 in which the Commission found that "[p]ast medical history was obtained from the family which indicated that he was a severe drinker." We need not address the propriety of these specific findings because even if we were to conclude that they are erroneous, the outcome of this case would not be altered. Where, after erroneous factual findings have been excluded, there remain sufficient findings of fact based on competent evidence to support the Commission's conclusions, its ruling will not be disturbed. *Wachovia Bank and Trust Co. v. Bounous*, 53 N.C. App. 700, 281 S.E. 2d 712 (1981).

The Commission's ultimate findings of fact are contained in Finding of Fact 21. Evidence before the Commission revealed that Anthony Maloni observed Mr. Torain's automobile as it approached the intersection and estimated its speed at 35 to 40 miles per hour. The automobile never decreased its speed as it passed the stop sign and as Mr. Torain attempted to make a right hand turn. The investigating officer noted on the accident report an opinion that Mr. Torain had been drinking, although the officer was unable to determine the degree of impairment. The hospital records reflect that when Mr. Torain arrived at the emergency room at approximately 3:30 p.m., he stated that he had been drinking and that he had the odor of alcohol about his person. Dr. Joyner testified that Mr. Torain's stomach was emptied by means of a nasogastric tube shortly after his arrival at the hospital and that he was administered Ringer's lactate intravenously. An effect of these treatments would be a reduction in Mr. Torain's blood alcohol content. Nevertheless, when a blood sample was taken at approximately 5:00 p.m., it showed that Mr. Torain's

blood alcohol level was 130 milligrams percent, which in Dr. Joyner's opinion, was a sufficient level to have caused Mr. Torain to have been intoxicated. He also rendered an opinion, based on the blood alcohol level at 5:00 p.m. and the treatment rendered at the hospital, that Mr. Torain could have been intoxicated approximately two hours earlier, at the time of the accident.

[1] Plaintiffs contend that Dr. Joyner was not competent to state his opinion as to Mr. Torain's intoxication at 2:50 p.m. based upon the results of the blood alcohol test administered at 5:00 p.m. We disagree. The Industrial Commission possesses the powers of a court. *Hanks v. Southern Public Utilities Co.*, 210 N.C. 312, 186 S.E. 252 (1936). The issue of whether a witness is qualified to testify as an expert is a question addressed to the court, in its discretion, and its decision will not be disturbed absent a showing of abuse of discretion. *State v. Moore*, 245 N.C. 158, 95 S.E. 2d 548 (1956). We find no abuse here.

At the hearing in the case *sub judice*, Dr. Joyner was found to be an expert in medicine and emergency room medicine. Rule 702 of the North Carolina Rules of Evidence, G.S. 8C-1 (1985), provides that "if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." Dr. Joyner testified as to Mr. Torain's blood alcohol level at 5:00 p.m.; the effect on Mr. Torain's blood alcohol level of having had his stomach emptied and having been administered Ringer's lactate; and his opinion, based on his medical knowledge and his knowledge of Mr. Torain's course and treatment in the hospital, that Mr. Torain could have been intoxicated at 2:50 p.m. The weight to be given his opinion was with the Commission who sat as the trier of fact. *Smith v. William Muirhead Constr. Co., Inc.*, 27 N.C. App. 286, 218 S.E. 2d 717 (1975). Moreover, evidence of Mr. Torain's blood alcohol level approximately two hours after the accident, under the circumstances of this case where he had had no opportunity to consume alcohol from the time of the accident until the time of the blood alcohol test, is sufficiently relevant circumstantial evidence of his intoxication at the time of the accident to support the Commission's finding. *See State v. Catoe*, 78 N.C. App. 167, 336 S.E. 2d 691 (1985).

Further evidence before the Commission indicated that Patrolman Davis noted no defects with respect to the vehicle which Mr. Torain was driving. Mr. Torain's employer testified that he had driven the Toyota earlier that day and had noted no problems with the brakes.

[2]   When considered together, the evidence with respect to the manner in which Mr. Torain was driving, the presence of an odor of alcohol about his person, his statement that he had been drinking, and the level of alcohol found in his blood, support the Commission's finding of fact that Mr. Torain was intoxicated at the time of the accident. Its finding that his intoxication was a proximate cause of the accident and his resulting injuries and death is also supported by this evidence as well as the evidence negating brake failure as a cause of the accident. We are cognizant that plaintiffs presented considerable evidence tending to show that Mr. Torain was not intoxicated at the time of the accident. However, it is the province of the Commission, not this Court, to determine the credibility of the witnesses and the weight to be given to the evidence. We conclude that the Commission's Finding of Fact 21 is fully supported by competent evidence and it is therefore binding upon us. The findings contained therein are sufficient within themselves to support the Commission's conclusion as to the applicability of G.S. 97-12.

In summary, the Commission's finding of fact support its conclusions that Mr. Torain sustained an injury by accident arising out of and in the course of his employment, but that his intoxication was one of the proximate causes of his accidental injury and death. In such instances, G.S. 97-12 bars recovery of compensation. The Commission's order denying plaintiff's claim is

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.