Gaddy v. Anson Wood Products

---

JAMES GADDY, EMPLOYEE-PLAINTIFF v. ANSON WOOD PRODUCTS, EMPLOYER, SELF-INSURED, (HEWITT, COLEMAN & ASSOCIATES), DEFENDANT

No. 8810IC250

(Filed 30 December 1988)

1. **Master and Servant § 58— workers' compensation—intoxication of employee—accident not caused by intoxication—no forfeiture of benefits**
     Intoxication alone will not work a forfeiture of an employee's workers' compensation benefits; rather, he forfeits his benefits only if the injury was proximately caused by the intoxication, and the burden of proving this causal connection is placed on the employer as an affirmative defense. There was substantial evidence to support the Industrial Commission's findings that

plaintiff's intoxication was not the proximate cause of his injury where the evidence tended to show that plaintiff, who had been instructed by the employer to help fellow employees who needed it, was assisting a co-worker to unjam a conveyor; plaintiff placed his hand on the conveyor when it "caught up" and injured his fingers; and there was no evidence to support a finding that plaintiff fell or lost his footing, or that, had plaintiff not been intoxicated, he would not have placed his hand on the belt. N.C.G.S. § 97-12(1).

**2. Master and Servant § 73— workers' compensation—loss of finger—amount of compensation**

Plaintiff's injury resulted in the loss of more than one phalange, and plaintiff was thus entitled to an award of permanent partial disability for loss of a finger under N.C.G.S. § 97-31(5), (7), where a physician excised a portion of the bone of the middle phalange in order to cover the remaining bone with tissue.

APPEAL by defendant from Opinion and Award of the North Carolina Industrial Commission entered 25 November 1987. Heard in the Court of Appeals 31 August 1988.

*Taylor and Bower by H. P. Taylor, Jr., for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe by Edward L. Eatman, Jr., and Mika Z. Savir for defendant appellant.*

COZORT, Judge.

In this workers' compensation case, defendant appeals from an order of the Industrial Commission finding that plaintiff's injury was not proximately caused by his intoxication and awarding plaintiff 20 weeks of permanent partial disability benefits for the loss of a finger. We affirm.

On 17 June 1985, the date of his injury, plaintiff had been employed by defendant Anson Wood Products for approximately one year. Plaintiff's job was to pull and stack lumber by grade and width. Other employees were responsible for putting lumber onto a vibrating conveyor (the vibrator) that shook the lumber into a chipper, a machine that grinds lumber into chips. The chips were then transported by rail to a paper company.

On the date in question, the vibrator had stopped running due to a buildup of sawdust and debris. One of plaintiff's co-workers, whose job it was to keep the vibrator unjammed, was trying to unjam the vibrator when plaintiff left his position and attempted to assist him. As plaintiff placed his hand on or near the vibrator's belt, or drive mechanism, the vibrator suddenly

"caught up" and began running, amputating the distal phalange of plaintiff's fourth, or little, finger and lacerating other fingers on his right hand.

Plaintiff was treated at the emergency room of Anson County Hospital, where his lacerations were sutured. The treating physician also excised part of the bone of the middle phalange of plaintiff's fourth finger in order to pull tissue over the amputated area for suturing. An entry on plaintiff's medical records indicates that plaintiff's blood alcohol level was 387 milligrams per liter, or .387.

At the hearing before Chief Deputy Commissioner Dianne C. Sellers, the parties stipulated to the employer-employee relationship, applicability of the Workers' Compensation Act, plaintiff's average weekly wage, defendant's self-insured status, and the date of plaintiff's injury. In an Opinion and Award filed 13 March 1987, the Deputy Commissioner made the following additional findings of fact:

1. Plaintiff had worked for the defendant employer approximately one year as a lumber puller and separator of the lumber by grade and width.

2. On or about 17 June 1985 plaintiff was working in such capacity when a co-worker began having trouble on a vibrating conveyor which shakes slabs of wood into the chipper. This conveyor was approximately 15 feet from where the plaintiff worked. Since the workers had been instructed to assist co-workers, plaintiff offered his assistance to the operator of the conveyor. As he placed his hand in the mechanical parts of the conveyor, it suddenly and abruptly started working, causing a traumatic amputation of a portion of his fifth finger on his right hand.

3. Plaintiff was taken to the emergency room where he was treated by Gultekin Ertugrul, M.D., who excised a portion of the bony middle phalange and brought soft tissue over the bone to cover the amputated area. In addition, plaintiff received sutures for lacerations to his second, third and fourth fingers on the dorsal side of his right hand.

4. On or about 17 June 1985 plaintiff sustained an interruption of his work routine when he experienced a traumatic

partial amputation of his right fifth finger which was not a proximate result of his intoxication.

5. As a result of said injury plaintiff was unable to earn the wages which he was earning at the time of his injury in the same or any other employment from 18 June 1985 to 16 August 1985 when he was able to return to work and at which time he sustained by virtue of the traumatic amputation and the surgical excision, the loss of the fifth finger of his right hand.

Based on these findings, the Deputy Commissioner made the following conclusions of law:

1. On 17 June 1985 plaintiff sustained an injury by accident arising out of and in the course of his employment which was not proximately caused by his intoxication. G.S. § 97-2(6); G.S. § 97-12(1).

2. As a result of said injury by accident plaintiff is entitled to temporary total disability compensation for 8.4286 weeks at a weekly rate of $108.67. G.S. § 97-29.

3. As a further result of said injury by accident plaintiff is entitled to 20 weeks of permanent partial disability at a weekly rate of $108.67. G.S. § 97-31(5).

An award corresponding to these findings and conclusions was entered.

On 25 November 1987, the Full Commission adopted the Deputy Commissioner's Opinion and Award, and affirmed. The Commission added:

The Full Commission is of the opinion that undoubtedly at the time complained of the employee was under the influence of alcohol. However, we are of the opinion that plaintiff's intoxication did not occasion his injury. At the time complained of he was at work, and although technically performing a task not usually performed by him, this was being done under instructions from his superior that the employees were to help each other in the work of the employer. It was pursuant to this instruction that plaintiff was at the point where he was located on the occasion of his injury. Further, there is no evidence that his intoxication made him carelessly place

his hand in the machine. We certainly do not approve of one working with this much alcohol in his system. However, unless the intoxication is one of the proximate causes of the injury—and the evidence would not support such a finding—the claim is a compensable one.

Defendant appeals.

[1] By its first assignment of error, defendant contends that there was no competent evidence to support the Commission's finding that plaintiff's intoxication was not the proximate cause of his injury. Moreover, defendant argues that the Commission made no finding of fact as to the cause of the accident and that plaintiff's act in placing his hand on the vibrator was an "obvious hazard" that can be explained only by plaintiff's intoxication. We disagree.

The law governing this case is found in Chapter 97 of our General Statutes, which provides in pertinent part:

No compensation shall be payable if the injury or death to the employee was proximately caused by:

(1) His intoxication . . . .

N.C. Gen. Stat. § 97-12(1) (1988).

Intoxication alone will not work a forfeiture of the employee's benefits; the statute provides for a forfeiture only if the injury was proximately caused by the intoxication. *Lassiter v. Town of Chapel Hill*, 15 N.C. App. 98, 101, 189 S.E. 2d 769, 771 (1972). The burden of proving this causal connection is placed on the employer as an affirmative defense. *See Torain v. Fordham Drug Co.*, 79 N.C. App. 572, 340 S.E. 2d 111 (1986). The employer must prove that the employee's intoxication was "more probably than not a proximate cause of the accident and resulting injury." *Id.* at 574, 340 S.E. 2d at 113.

Our review of the Commission's decision is limited to whether there is any competent evidence to support the Commission's findings of fact, and whether the findings of fact justify its conclusions of law. *Inscoe v. DeRose Indus. Inc.*, 292 N.C. 210, 232 S.E. 2d 449 (1977). The determination of disputed questions of fact involves weighing the evidence, which is a function of the fact-

finder and not of the reviewing court. *Osbourne v. Colonial Ice Co.,* 249 N.C. 387, 106 S.E. 2d 573 (1959).

At the hearing, plaintiff and his co-worker testified that the vibrator was jammed and that they were attempting to unjam it when it "caught up" and injured plaintiff's fingers. Both testified that they had been instructed by the employer to assist fellow employees who needed help. Each further testified that plaintiff did not fall into the vibrator. There was no evidence to support a finding that defendant fell or lost his footing, or that, had plaintiff not been intoxicated, he would not have placed his hand on the vibrator belt. Therefore, there was substantial evidence to support the Commission's findings.

Defendant's reliance on *Anderson v. Century Data Sys., Inc.,* 71 N.C. App. 540, 322 S.E. 2d 638 (1984), *disc. review denied,* 313 N.C. 327, 327 S.E. 2d 887 (1985), is misplaced. In *Anderson,* the employee was injured when the vehicle he was driving crossed the center line and ran into a truck in the oncoming lane of traffic. The employee's blood alcohol level was .199. This Court reversed the Industrial Commission's award of benefits, because there was no evidence of any cause of the accident other than the intoxication. The Commission had, in effect, erroneously placed on the employer the burden of disproving all *possible* causes of the injury. In the case *sub judice,* however, the Commission found that plaintiff was injured because he was attempting to help a fellow employee. This finding is substantially supported by the evidence and is sufficient to explain the cause of plaintiff's injury. That plaintiff may have erred in judgment does not mandate the conclusion that the error was the result of his intoxication. *See Inscoe,* 292 N.C. at 218, 232 S.E. 2d at 453. Defendant's first assignment of error is overruled.

[2] Defendant also assigns as error the award of 20 weeks of permanent partial disability benefits. Defendant contends that plaintiff's schedule recovery was limited to 10 weeks of compensation because only the distal phalange of plaintiff's finger was amputated. We do not agree.

N.C. Gen. Stat. § 97-31 provides for the following compensation in addition to compensation payable during the healing period:

(5) For the loss of a fourth finger, commonly called the little finger, sixty-six and two-thirds percent (66⅔%) of the average weekly wages during 20 weeks.

\*   \*   \*

(7) The loss of more than one phalange shall be considered the loss of the entire finger . . . .

N.C. Gen. Stat. § 97-31(5)-(7) (1988). The statute "should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation." *Johnson v. Asheville Hosiery Co.*, 199 N.C. 38, 40, 153 S.E. 2d 591, 593 (1930).

Included among the Deputy Commissioner's findings of fact, which were adopted by the Full Commission, was a finding that plaintiff's treating physician excised a portion of the bone of the middle phalange in order to cover the remaining bone with tissue. This finding is directly supported by the physician's deposition testimony. Therefore, plaintiff's injury resulted in the loss of more than one phalange. *See Flagg v. GAF Corp.*, 54 A.D. 2d 790, 387 N.Y.S. 2d 724 (1976), construing identical language contained in the New York Workmen's Compensation Law. The fact that amputation of part of the middle phalange was necessitated by the surgical procedure used to suture the amputation does not affect plaintiff's recovery under § 97-31.

For the foregoing reasons, the decision of the Industrial Commission is

Affirmed.

Judges JOHNSON and PARKER concur.