JOHNNY SUGGS, EMPLOYEE, PLAINTIFF v. SNOW HILL MILLING COMPANY, SELF-INSURED EMPLOYER, (KEY RISK MANAGEMENT SERVICES, INC., SERVICING AGENT), DEFENDANT

No. 8910IC1273

(Filed 30 October 1990)

**Master and Servant § 58 (NCI3d)— workers' compensation— intoxication not proximate cause of accident—application of correct legal standard**

The Industrial Commission correctly applied the legal standard of causation required under N.C.G.S. § 97-12(1) when it determined that, although plaintiff was under the influence of alcohol at the time a bail of straw rolled from the forklift

SUGGS v. SNOW HILL MILLING CO.

[100 N.C. App. 527 (1990)]

of a tractor plaintiff was operating and crushed him against the tractor seat, plaintiff's mental retardation and the condition of the tractor were more probably than not proximate causes of the accident, and intoxication was not a proximate cause of the accident.

**Am Jur 2d, Workmen's Compensation §§ 230, 234.**

APPEAL by defendant from the Opinion and Award of the Industrial Commission entered 21 June 1989. Heard in the Court of Appeals 29 May 1990.

*Gene Collinson Smith for plaintiff appellee.*

*Maupin Taylor Ellis & Adams, P.A., by Richard M. Lewis and Jack S. Holmes, for defendant appellant.*

COZORT, Judge.

Defendant appeals from the Industrial Commission's award of total disability compensation benefits to plaintiff. The award was based on the conclusion that "intoxication was not a proximate cause of the accident [which disabled the plaintiff]." We affirm.

Plaintiff Johnny Suggs, now approximately twenty-nine years old, worked at odd jobs as needed for defendant Snow Hill Milling Company (Snow Hill). Plaintiff has a history of "mental and visual motor impairment" dating from 1968; his I.Q. was evaluated as 64 in 1987. On 17 March 1986, William Taylor, who supervised laborers for defendant, saw Suggs at a local store and asked him to work for Snow Hill. After stopping at the defendant's mill, Taylor instructed Suggs to drive a tractor to the defendant's "hay farm." Suggs drove "for approximately thirty minutes" along North Carolina Highways 58 and 903 to reach the farm. At the farm Suggs and Taylor placed a forklift attachment on the tractor. Taylor explained to Suggs that he was to move bales of wheat straw from a field to a brush pile. After watching Suggs move one bale, Taylor left. When Taylor returned, he discovered that a bale of straw had rolled backward off the fork lift, crushing Suggs against the tractor seat. Suggs was taken to Lenoir Memorial Hospital, where a blood alcohol test performed at 5:20 p.m. indicated that Suggs' blood alcohol content was 93 milligrams per deciliter (equivalent to a breathalyzer reading of .09). The bale that fell

on Suggs (variously estimated to weigh between 500 and 800 pounds) broke his neck and paralyzed him below the upper body.

On 20 March 1986, Suggs filed a claim with the Industrial Commission (the Commission). On 25 April 1988, Deputy Commissioner Richard Harper entered an Opinion and Award denying the claim based on the conclusion that N.C. Gen. Stat. § 97-12(1) barred plaintiff's recovery of compensation benefits. Plaintiff appealed, and on 21 June 1989, the Full Commission entered an Opinion and Award directing the defendant to pay plaintiff permanent total disability compensation benefits. The defendant appealed.

"Appellate review of opinions and awards of the Industrial Commission is strictly limited to the discovery and correction of *legal* errors." *Godley v. County of Pitt*, 306 N.C. 357, 359-60, 293 S.E.2d 167, 169 (1982) (emphasis in original). If supported by competent facts, the Commission's findings of fact are conclusive on appeal. "This is so even though there is evidence which would support a finding to the contrary." *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E.2d 101, 104 (1981). With this standard of review in mind, we turn to defendant's appeal.

By its first assignment of error defendant contends that the Commission applied an erroneous legal standard concerning the causal link, if any, between plaintiff's consumption of alcohol and the accident which disabled him. N.C. Gen. Stat. § 97-12 provides in pertinent part that "[n]o compensation shall be payable if the injury or death to the employee was proximately caused by: (1) His intoxication, provided the intoxicant was not supplied by the employer . . . ." Under § 97-12(1) the employer "is required to prove only that the employee's intoxication was more probably than not a proximate cause of the accident and resulting injury." *Torain v. Fordham Drug Co.*, 79 N.C. App. 572, 574, 340 S.E.2d 111, 113 (1986).

Plaintiff admitted that on the day of the accident he drank two beers at "eight o'clock" in the morning and "another beer about one o'clock" with his lunch. The Commission heard expert opinion evidence, based on the plaintiff's blood alcohol content when tested at the hospital, that the plaintiff had an estimated blood alcohol content of 110 to 129 milligrams per deciliter (.11 to .13 in terms of a breathalyzer reading) at the time of the accident. However, the Commission also heard William Taylor testify that he did not smell alcohol on the plaintiff's breath and that he (Taylor)

"felt perfectly safe in having [the plaintiff] operate that tractor." The Commission also heard evidence to the effect that the tractor's seat was blocked on one side, that the tractor was difficult to brake, and that the "home made" forklift attachment had a history of malfunctions, including hydraulic problems and a tendency to "jerk back." We note, finally, that the Commission heard the following expert opinion evidence from Dr. John Butts:

> Q And your problem is trying to separate the two? That is, the effect of alcohol versus the effect of this man's mental condition?
>
> A Yes, sir. If this man had been a man of normal intelligence who had performed this task on a regular basis and was aware of how it was to be done and had experience with doing it, then I wouldn't credit much weight upon alcohol, but this was not something he was used to, had not done it before, and apparently had considerable mental handicap, I feel that I could not say in this case that alcohol was the cause.
>
> Q All right. Would it be your opinion then that both factors, that is this man's alcohol ingestion and resulting impairment and his prior mental retardation, were in your opinion causative factors in the resulting accident?
>
> A It would be my opinion that they could both be. I would be inclined to think that either one of them in and of themselves could conceivably have been the cause. It could have happened to him in the absence of alcohol and conceivably could have happened to him in the absence of mental retardation.
>
> It is not the function of courts of the appellate division
>
> to *weigh* the evidence before the Industrial Commission in a workmen's compensation case. By authority of G.S. 97-86 the Commission is the sole judge of the credibility and weight to be accorded to the evidence and testimony before it. Its findings of fact may be set aside on appeal only when there is a complete lack of competent evidence to support them.

*Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 166, 265 S.E.2d 389, 390 (1980). In the case below the Commission made the following findings of fact:

> 20. Plaintiff's pre-existing mental handicap was more probably than not a cause in fact of the accident resulting in his

injuries. Therefore, plaintiff's mental deficiency was a proximate cause of the accident and the plaintiff's resulting injuries.

21. The condition of defendant's tractor was more probably than not a cause in fact of the accident resulting in plaintiff's injuries, and was therefore a proximate cause of the accident.

22. Plaintiff's consumption of alcohol was not a cause in fact of the accident resulting in his injuries, and was therefore not a proximate cause of the accident resulting in his injuries.

Competent evidence supports those findings, and those findings, in turn, support the conclusion that, "[a]lthough plaintiff was under the influence of alcohol at the time of the accident, other factors caused the accident; therefore, *intoxication was not a proximate cause* of the accident" (emphasis added). Thus, the Commission correctly applied the legal standard of causation required under N.C. Gen. Stat. § 97-12(1). *See Torain*, 79 N.C. App. at 574, 340 S.E.2d at 113.

Having reviewed the record and the briefs, we find the defendant's two remaining assignments of error to be without merit.

For the reasons stated above the Commission's Opinion and Award of 21 June 1989 is

Affirmed.

Judges ARNOLD and PHILLIPS concur.