HOPE SIDNEY, GUARDIAN AD LITEM FOR DUWAYNE SIDNEY, MINOR, JERRY
L. HORTON, DECEASED, EMPLOYEE, PLAINTIFF v. RALEIGH PAVING &
PATCHING, INCORPORATED, EMPLOYER; AND NATIONWIDE MUTUAL IN-
SURANCE COMPANY, CARRIER, DEFENDANTS

No. 9210IC110

(Filed 2 March 1993)

1. **Master and Servant § 58 (NCI3d)— workers' compensation—
   intoxication of employee—showing required**

   To defeat a workers' compensation claim based on intox-
   ication, the employer does not have to disprove all other causes
   or prove that intoxication was the sole cause of the injury;
   instead, the employer only has to show that it is more probable
   than not that intoxication was a cause in fact of the injury.

   **Am Jur 2d, Workers' Compensation § 256.**

2. **Master and Servant § 58 (NCI3d)— workers' compensation—
   claim denied based on employee's intoxication—sufficiency of
   evidence**

   Competent evidence existed in the record to establish
   the defense of intoxication and to justify the Industrial Com-
   mission's conclusion that plaintiff's claim was not compensable
   under the Workers' Compensation Act where the evidence
   tended to show that decedent drove a truck for his employer;
   at least twice during the day defendant stopped and bought
   alcohol; at the end of the workday when decedent was on
   his way back to the office, he attempted to pass another ve-
   hicle, lost control of the truck, and was thrown out as it ran
   off the road; at the time of the accident, decedent was driving
   approximately 70 m.p.h. in a 55 m.p.h. zone; and approximately
   one hour after the accident decedent had a blood alcohol level
   of .20.

   **Am Jur 2d, Workers' Compensation § 256.**

Appeal from opinion and award by Commissioner J. Harold
Davis, for the Full Industrial Commission filed 24 September 1991.
Heard in the Court of Appeals 6 January 1993.

*Charles R. Hassell, Jr. for plaintiff-appellant.*

*Carol M. Schiller for defendants-appellees.*

## SIDNEY v. RALEIGH PAVING & PATCHING

[109 N.C. App. 254 (1993)]

LEWIS, Judge.

The plaintiff in this action, Hope Sidney, is the mother and guardian ad litem for DuWayne Sidney, the minor child of the decedent, Jerry L. Horton. The decedent, who worked as a driver and laborer for Raleigh Paving & Patching, Inc. ("Raleigh Paving"), was seriously injured in a traffic accident on 9 April 1986, when the truck he was driving ran off the road. Decedent was diagnosed with a brain stem contusion and died 13 April 1986. It is undisputed that Raleigh Paving was the employer of decedent at the time of the accident and that the parties are covered by the Workers' Compensation Act.

On 15 April 1986, notice of the accident was given to Raleigh Paving pursuant to N.C.G.S. § 97-22. Raleigh Paving defended the worker's compensation claim on the basis that decedent was intoxicated at the time of the accident and thus, barred from recovery by N.C.G.S. § 97-12. A hearing was initially held before Deputy Commissioner Scott Taylor who denied plaintiff's claim on 13 September 1990. In his opinion Deputy Commissioner Taylor specifically found that the decedent was intoxicated at the time of the accident and that the decedent's intoxication was a cause of the decedent's death.

On 3 October 1990, plaintiff appealed to the Full Industrial Commission from the opinion and award entered by Deputy Commissioner Taylor on the ground that there was no evidence that the decedent's intoxication was a proximate cause of the accident. The case came before the Full Commission for review on 11 September 1991 and on 24 September 1991 the Full Commission issued its opinion and award affirming and adopting the opinion of Deputy Commissioner Taylor. Plaintiff appealed to this Court on 15 October 1991.

The sole issue presented by this appeal is whether the defendants presented sufficient competent evidence to establish the defense of intoxication. N.C.G.S. § 97-12 (1991) provides in pertinent part:

No compensation shall be payable if the injury or death to the employee was proximately caused by:

(1) His intoxication, provided the intoxicant was not supplied by the employer or his agent in the supervisory capacity to the employee;. . . .

We find that competent evidence existed in the record to establish the defense of intoxication and to justify the Commission's conclusion that plaintiff's claim was not compensable under the Workers' Compensation Act. Therefore, we affirm the decision of the Full Commission.

[1] It has been said by our Supreme Court that:

> In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) Whether or not there was any competent evidence before the Commission to support its findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decision.

*Inscoe v. DeRose Indus., Inc.*, 292 N.C. 210, 216, 232 S.E.2d 449, 452 (1977). Therefore, the opinion of the Industrial Commission in this matter is conclusive on this Court if it is supported by any competent evidence, *Priddy v. Cone Mills Corp.*, 58 N.C. App. 720, 294 S.E.2d 743 (1982), and can only be set aside if there is a complete lack of competent evidence. *Carrington v. Housing Auth.*, 54 N.C. App. 158, 282 S.E.2d 541 (1981). It is well established that the burden of proof for the defense of intoxication is on the employer. *Harvey v. Raleigh Police Dept.*, 85 N.C. App. 540, 355 S.E.2d 147, *disc. rev. denied*, 320 N.C. 631, 360 S.E.2d 86 (1987). However, the employer does not have to disprove all other causes or prove that intoxication was the sole cause of the injury. *Anderson v. Century Data Sys., Inc.*, 71 N.C. App. 540, 322 S.E.2d 638 (1984), *disc. rev. denied*, 313 N.C. 327, 327 S.E.2d 887 (1985). Instead, the employer only has to show that it is more probable than not that intoxication was a cause in fact of the injury. *Id.* In light of the standard by which we review matters from the Industrial Commission, we now look to the evidence that was heard by the Deputy Commissioner and reviewed by the Full Commission.

[2] The evidence presented at the hearing before Deputy Commissioner Taylor tended to show that on the morning of the accident the decedent was driving a truck for Raleigh Paving from the office to a job site. During the day the decedent was responsible for performing work at several job sites. On at least one trip between job sites, the decedent stopped and bought alcohol. At the end of the day, while returning to the office, the decedent again stopped at a store to purchase alcohol. With the decedent were fellow employees Malcolm Wilkerson and Frank Farrar. All

three of the employees drank from the pint that was purchased, but Farrar testified that the decedent and Wilkerson drank the most.

After the employees' brief frolic, they resumed their journey back to the office. At approximately 6:00 p.m., while attempting to pass another vehicle, the decedent lost control of the truck and was thrown out as it ran off the road. Testimony revealed that at the time of the accident, the decedent was operating the truck at a speed of approximately 70 m.p.h. on a highway with a posted speed of 55 m.p.h. Immediately after the accident, the decedent was taken to a nearby hospital where blood samples were taken. These blood samples indicated that the decedent had a blood alcohol level of 202 milligrams per decaliter approximately one hour after the accident. In addition, the medical examiner's certificate noted that a significant condition contributing to the immediate cause of death was decedent's intoxication. Based on this evidence Deputy Commissioner Taylor concluded that the decedent was intoxicated at the time of the accident and that the decedent's intoxication was a cause in fact of the accident.

Plaintiff takes exception with the Commission's finding that the decedent was intoxicated, claiming that there was not competent evidence in the record to support such a finding. We disagree. Plaintiff bases its contention largely on the fact that Deputy Commissioner Taylor disregarded the uncontradicted testimony of Farrar and Wilkerson. The transcript reveals both Farrar and Wilkerson rode in the truck with the decedent at the time of the accident and that both testified that the decedent did not seem impaired.

The Industrial Commission possesses the powers of a court. *Torain v. Fordham Drug Co.*, 79 N.C. App. 572, 340 S.E.2d 111 (1986). As such, it is the province of the Commission, and not this Court, to determine the credibility of witnesses and the weight to be given the evidence. *Id.* Despite the uncontradicted testimony of Wilkerson and Farrar, it can only be assumed that Deputy Commissioner Taylor found their credibility lacking in choosing to disregard their testimony. This Court will not set aside the findings of the Industrial Commission simply because there is competent evidence in favor of both sides that would have allowed the Deputy Commissioner to find either way.

Plaintiff also takes exception with the testimony of the defendants' expert, Dr. Kanich who testified that it was his opinion that

SIDNEY v. RALEIGH PAVING & PATCHING

[109 N.C. App. 254 (1993)]

the decedent was impaired. When pressed, Dr. Kanich felt unable to express a legal opinion as to whether the decedent was intoxicated. However, Dr. Kanich did express his personal opinion that with the decedent's blood alcohol level he would have been driving while impaired. Dr. Kanich also testified that with a blood alcohol level of .202, the decedent would have been borderline between simple impairment and extreme excitement and confusion. Though, Dr. Kanich did not feel qualified to express an opinion as to a legal definition of intoxication, we feel there is competent evidence in the record to support a finding by the Deputy Commissioner that the deceased was intoxicated.

Plaintiff further takes exception with the Deputy Commissioner's finding that the decedent's intoxication proximately caused his death. Instead, plaintiff contends that excessive speed was the cause of the accident. In support of this argument, plaintiff relies on the testimony of Officer Dudley, the investigating officer, and Mr. Arnold, the driver of the car which the decedent passed. Officer Dudley testified that when he arrived at the scene of the accident he did not smell any alcohol in the truck or on the decedent. As further support that speed and not intoxication was the proximate cause of decedent's death, plaintiff relies on the fact that Officer Dudley charged the decedent only with exceeding a safe speed and exceeding the speed limit and not an alcohol related offense. Arnold, who was familiar with the curve, also expressed his opinion that the accident was caused by excessive speed.

Though it is clear that excessive speed may have been a cause of the accident, plaintiff's argument misses the mark when it states that there is not competent evidence to establish that intoxication was a cause of the accident. As stated previously, intoxication does not have to be the sole proximate cause. *Anderson v. Century Data Sys., Inc.*, 71 N.C. App. 540, 322 S.E.2d 638 (1984), *disc. rev. denied*, 313 N.C. 327, 327 S.E.2d 887 (1985). Instead it only has to be more probable than not that intoxication was a cause in fact of the accident. *Id.* In today's society, where alcohol related fatalities are all too common, the relationship between alcohol consumption and driving at excessive speeds is common sense and need not be documented. Therefore, even though the plaintiff has made a well wrought argument that excessive speed was a proximate cause we find competent evidence to exist in the record that would support the Commission's finding that the decedent

was intoxicated and that the decedent's intoxication was a cause in fact of his death.

We find the facts of this case indistinguishable from those in *Torain v. Fordham Drug Co.*, 79 N.C. App. 572, 340 S.E.2d 111 (1986), and affirm on the basis thereof.

For the foregoing reasons, we

Affirm.

Judges WELLS and COZORT concur.