The Full Commission have received and reviewed the Case No. COA94-1138 as written by the N.C. Court of Appeals. Upon remand, the Court of Appeals have instructed this Court to decide the limited issue of "whether defendants are entitled to receive a 10% reduction in plaintiff's benefits pursuant to N.C.G.S. § 97-12.
* * * * * * * * * * *
In accordance with the N.C. Court of Appeals remand, the Full Commission makes these additional
FINDINGS OF FACT
1. As of September 1992 plaintiff had been employed approximately three years by defendant-employer, a company which manufactured metal laboratory furniture. For over two years he had worked as an RBI operator in the press department. The RBI press cut specified parts out of steel which was fed into the machine from long rolls. Plaintiff's job included setting up the machine, placing the necessary dies into it so that it would cut the parts needed, placing coils of steel onto the machine, inspecting the steel as it went into the press, operating the switches and foot pedal to start and stop the machine as well as performing maintenance on it. His average weekly wage was $631.05.
2. On September 24, 1992 plaintiff was working at the end of his shift to free a piece of metal which had become caught on the die in the press. He adjusted the switches on the machine so that the press would not come down while he worked on the machine and then tried to free the metal with a wrench or pry bar. The metal would not come loose so he then reached into the machine and shifted the metal with his hands. For some unknown reason, the die came down at that time, crushing his hands. When he yelled for help, the employee who was to relieve him turned the switch to cause the press to move to the up position.
3. Plaintiff was taken to the hospital where he was seen by Dr. Dunaway, an orthopedic surgeon. He had obviously sustained severe injury to his hands, and Dr. Dunaway gave him morphine for his pain. After having administered an unusually high dose without apparent effect, Dr. Dunaway became concerned that plaintiff had taken other drugs which were interfering with the pain medication. A drug screen was ordered which revealed metabolites of cocaine and marijuana. The presence of cocaine in his system would explain plaintiff's lack of response to such a high dose of morphine.
4. Plaintiff was referred to Dr. Koman at Baptist Hospital for treatment of his hand injuries. Dr. Koman performed multiple surgeries and was able to save some of his fingers, the body of his right hand and approximately half of his left hand. Plaintiff remained under his care as of the date of hearing.
5. Defendants denied this claim on the grounds that the injury was due to plaintiff's having been under the influence of a controlled substance. In view of the subsequent findings, the claim was defended with reasonable grounds.
6. Plaintiff was under the influence of cocaine at the time of his injury as evidenced by his lack of response to the morphine administered at the hospital. His testimony regarding his use of illegal drugs was not credible. However, defendants did not prove that the injury was a proximate result of his having been under the influence of cocaine in that the machine settings in effect at the time would not have permitted the press to come down unless the foot pedal was depressed or the machine malfunctioned. Since he was not standing near the foot pedal, his actions could not have contributed to the injury.
7. The fact that the press came down on plaintiff's hands on September 24, 1992 constituted an unusual occurrence which interrupted his regular work routine. He thereby sustained an injury by accident arising out of and in the course of his employment.
8. As a result of this injury by accident, plaintiff was unable to work in any capacity from September 25, 1992 through the date of hearing on October 20, 1993. He had not reached maximum medical improvement as of that time but required further medical treatment.
9. At the time of plaintiff's injury by accident there was a jack stand available for use as a safety device. This jack stand was not used by the employees nor instructors who trained the employees. The jack stand was not a part of the operating procedures established by the employer. The jack stand available on the date of the accident was not made for the press which plaintiff was working on and could not be used without completely opening the press which was a time consuming procedure that could result in broken hydraulic hoses.
10. The jack stand was not regularly used by plaintiff or other employees and plaintiff had not been instructed to use it during his training.
11. Defendants have failed to prove by the greater weight of the evidence that plaintiff's injury was caused by his willful failure to use the jack stand.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. On September 24, 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6).
2. Plaintiff's injuries were not proven to have been the result of his having been under the influence of a controlled substance. N.C.G.S. § 97-12; Gaddy v. Anson Wood Products,92 N.C. App. 483, 374 S.E.2d 477 (1988).
3. Plaintiff is entitled to compensation for temporary total disability at the rate of $420.70 per week for fifty-five and six-sevenths weeks, for the period from September 25, 1992 through October 20, 1993, and continuing thereafter for as long as he remains so disabled. N.C.G.S. § 97-29.
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury. N.C.G.S. § 97-2(19); N.C.G.S. § 97-25.
5. Plaintiff is not entitled to have attorney's fees assessed against defendants in that the claim was not defended without reasonable grounds. N.C.G.S. § 97-88.1.
6. Plaintiff's injuries were not proven to have been the result of his willful failure to use a safety appliance. N.C.G.S. § 97-12.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following additional
AWARD
1. Defendants shall pay compensation to plaintiff for temporary total disability at the rate of $420.70 per week for fifty-five and six-sevenths weeks, for the period from September 25, 1992 through October 20, 1993 and continuing thereafter for as long as he remains so disabled. That portion of this compensation that has accrued shall be paid in a lump sum. This award is subject to the attorney's fee hereinafter approved. Defendants shall receive credit for all compensation paid plaintiff to date.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
3. An attorney's fee in the amount of twenty-five (25) percent of the compensation awarded is approved for plaintiff's counsel. He shall receive a lump sum from the accrued compensation and shall thereafter receive every fourth check.
4. Defendants' motion to decrease plaintiff's compensation by 10 percent pursuant to N.C.G.S. § 97-12 is DENIED.
5. Defendants shall pay the costs.
FOR THE FULL COMMISSION
 S/ ______________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 3/15/96