I respectfully dissent from the majority decision to reverse the deputy commissioner's Opinion and Award and find that plaintiff's decedent's right to compensation under the Act is not barred by the defense of intoxication.
A witness who had been traveling behind decedent driver for 45 to 60 minutes testified that decedent had been driving between 65 and 70 miles per hour and had been weaving back and forth between lanes. Decedent eventually drove off the road and down an embankment, and was killed instantly. There was no inclement weather and no evidence that the highway was unusually dangerous or difficult to navigate. A urine drug screen test performed on the decedent approximately three hours after the accident indicated a positive result greater than the detectable limit for both canaboid (marijuana) and cocaine.
The majority finds that, because the amount of drugs decedent ingested or at what time cannot be determined, defendants have failed to meet their burden of showing that being under the influence of controlled substances proximately caused the decedent's death. I disagree.
G.S. 97-12 states in pertinent part: "No compensation shall be payable if the injury or death to the employee was proximately caused by: . . . (2) His being under the influence of any controlled substance listed in the North Carolina Controlled Substances Act, G.S. 90-86, et seq., where such controlled substance was not by prescription by a practitioner. . . ."
The employer bears the burden of establishing that intoxication was a proximate cause of the injury. Sidney v. Raleigh Paving Patching,109 N.C. App. 254, 256, 426 S.E.2d 424, 426 (1993). To establish proximate cause under section 97-12, an employer must show that "it is more probable than not that intoxication was a cause in fact of the injury," but need not show that intoxication was "a sole cause." Id.
The majority relies upon the statement by Dr. John McBay that the leading cause of single tractor-trailer accidents is fatigue. Dr. McBay was tendered as an expert in the field of forensic toxicology. His statement regarding a cause of trucking accidents in general does not qualify as an expert opinion on causation in this case. Nor does the statement provide grounds for rejecting the likely causal connection between the accident and the controlled substances in decedent's system.
After reciting Dr. McBay's statement about fatigue, the majority recites that "[t]he accident in question occurred at 11:20 p.m." It appears that the majority has found that, because the decedent was driving at night, it is fair to assume that the sole cause of the accident was fatigue causing decedent to fall asleep. This assumption is unfounded speculation and does not support a finding that intoxication was not a proximate cause in this case. There is no evidence of how long decedent had been driving before the accident, and fatigue could well have been caused by the controlled substances.
The employer does not have to disprove all other causes or prove that intoxication was the sole cause of the injury. Anderson v. Century Data Sys., Inc., 71 N.C. App. 540, 322 S.E.2d 638 (1984), disc. rev. denied,313 N.C. 327, 327 S.E.2d 887 (1985). Rather, the employer must only demonstrate that it is more probable than not that intoxication was a cause in fact of the injury. The cause for the accident for which evidence has been provided in this case is decedent's intoxication.
I vote to affirm the Opinion and Award of the deputy commissioner and deny benefits to plaintiff on the grounds that the claim is barred pursuant to G.S. 97-12(2).
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER