The majority in the present case has erred in determining that plaintiff is not entitled to benefits under the Workers' Compensation Act because his injury was a proximate result of his being under the influence of cocaine. Although the majority was correct in noting the Commission's duty in upholding the State's public policy against the use of controlled substances in the workplace, the majority has failed to consider relevant case law regarding this matter.
The employer bears the burden of establishing that intoxication was a proximate cause of the injury. Sidney v. Raleigh Paving Patching,109 N.C. App. 254, 256, 426 S.E.2d 424, 426 (1993). To establish proximate cause under N.C. Gen. Stat. § 97-12, an employer must show that it is more probable than not that intoxication was a cause in fact of the injury, but need not show that intoxication was a sole cause. Id.
Here, the majority found that although plaintiff did not have enough cocaine in his system to impair his motor skills when he fell from the scaffolding, his judgment would have been impaired. However, there was nothing in the evidence of record to show that plaintiff's supervisor or coworkers noticed plaintiff exhibiting any erratic behavior or error in judgment. Of important note is the manner in which plaintiff fell from the scaffolding. The majority correctly noted that as plaintiff began to fall, he "jumped away as best as he could and landed on his feet." Had plaintiff been impaired and without judgment, he would not likely have had the capacity to jump away from the scaffold and land on his feet. Moreover, plaintiff's supervisor testified that the supervisor himself fell from the same scaffolding just three days prior to plaintiff's accident, evidencing the dangerous and precarious nature of working on that particular scaffold.
In Willey vs. Williamson Produce,149 N.C. App. 74, 562 S.E.2d 1,reversed by 582 S.E.2d 23 (2003), the North Carolina Supreme Court examined an analogous case in which the Commission was presented with conflicting expert testimony regarding the question of whether claimant's deceased was impaired by drugs at the time of his accident. The Court reversed the Court of Appeals for reasons stated in Judge Greene's dissent, in which he stated:
 [T]he majority cites several statutes enacted by other states that provide for a rebuttable presumption of impairment sufficient to satisfy the causation requirement once intoxication or the presence of a controlled substance has been shown. While the trend reflected in these statutes may support a legislative trend in our laws, section 97-12 . . . does not include such language. The plain meaning of our statute dictates that for `an injury or death' to be `proximately caused by' an employee `being under influence of any controlled substance,' the controlled substance must have an impairing effect on the employee. N.C. Gen. Stat. § 97-12. Without a showing of impairment, there cannot be causation, and without a showing of causation, the employer has not sustained its burden under the statute. See Anderson, 71 N.C. App. at 545, 322 S.E.2d at 641.
Id. at 89, 10.
In the present case, the 790 nanograms per milliliter of benzoylecgonine, the metabolite of cocaine, discovered in plaintiff's urine on the morning of his accident does not create a rebuttable presumption of intoxication. The fact that plaintiff fell from the scaffolding is not evidence of intoxication; carpenters fall for reasons other than intoxication. Thus, the majority has erred in determining that plaintiff is not entitled to benefits under the Workers' Compensation Act because his injury was a proximate result of his being under the influence of cocaine. For these reasons, I respectfully dissent.
This 25th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER